IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| **MATTHEW LEE JOHNSON** <br> *Plaintiff*, <br><br> v. <br><br> **BRYAN COLLIER,** Executive Director, <br> Texas Department of Criminal Justice, <br> Huntsville, Texas <br><br> **ERIC GUERRERO,** Director, Texas <br> Department of Criminal Justice, <br> Correctional Institutions <br> Division, Huntsville, Texas <br><br> **KELLY STRONG,** Warden, Texas <br> Department of Criminal Justice, <br> Huntsville Unit, Huntsville, Texas <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § Civil No. 4:25-cv-2066 <br> § <br> § ***CAPITAL CASE*** <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

**REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR STAY OF EXECUTION**

Plaintiff Matthew Lee Johnson filed his Complaint Pursuant to 42 U.S.C. § 1983 (ECF No. 1) and Motion for Stay of Execution (ECF No. 3) on May 7, 2025. Defendants filed their Response in Opposition to Plaintiff's Motion for Stay of Execution (ECF No. 11) on May 12. Pursuant to this Court's May 8 Order (ECF No. 6), Plaintiff now files this Reply to Defendants' Response in Opposition to Plaintiff's Motion for Stay of Execution.

**I.    The AG did not file his October 2 Letter (ECF No. 1-2) simply to "inform[] the court of the conclusion of federal habeas proceedings and explain[] TDCJ's availability to conduct an execution." The AG filed the Letter because he wanted the court to schedule Johnson's execution and did not believe the locally elected district attorney would soon ask the court to do so.**

Until quite recently, the AG's office recognized that it "is not responsible for setting or

1

requesting the setting of execution dates." Exhibit 1 (AG's office manual on execution obtained through a PIA request) at 13. As the office which represents the State's interest in federal habeas, that office has long recognized that it should notify district attorneys once federal habeas has concluded so those attorneys can request execution dates, should they desire to do so at that time. *See id.* ("the process is most often triggered by our office notifying the local district attorney of the status of federal court litigation"); *see also* Exhibit 2 (Example of a letter from an AAG to a DA informing the DA of the conclusion of federal habeas and of dates then-available on the AG's executions calendar). Only recently, and only (so far as Counsel are aware) in Dallas and El Paso Counties,[1] has the AG's office determined it should bypass the elected district attorney and instead communicate directly with the court.

Historically, the AG's office has recognized that, with respect to last-minute litigation, its involvement is limited to responding to pleadings filed in the federal courts. Exhibit 1 at 14 ("Avoid your own scheduling conflicts, keeping in mind that you will be the one handling any last-minute litigation that arises in the federal courts."). After all, as explained in greater detail in Plaintiff's Complaint, the Dallas County District Attorney's office has exclusive control of all criminal cases in the state courts. ECF No. 1 at 21-24.

However, in this case (and in the others where the AG's office has attempted to intervene), because the elected district attorney had made no move toward setting an execution date (likely after being informed by the AG's office that Johnson's federal habeas proceeding

---

[1] While the AG's office has filed several letters similar to the October 2 Letter (ECF No. 1-2) at issue in this proceeding in Dallas County, Counsel are aware of only one such letter having been filed in any other county. That letter was filed in El Paso County, in the case of David Leonard Wood.

2

had concluded, *see* Exhibit 1 at 13), the AG's office bypassed the DA's office by filing its Letter, and offering to represent the State's interests in any subsequently filed state proceeding if the elected district attorney chose not to participate.[2] While Defendants have now asserted the AG's October 2 Letter was sent by the AG's Office in its capacity as TDCJ's Counsel, *see* ECF No. 11 at 23, that is belied by the fact that AG's office offered to represent the State's interests in the letter. It sought not to represent TDCJ, but instead to represent the State. Furthermore, the attorney who sent the October 2 Letter to the trial court (and who now holds the position previously held by the attorney who signed the October 2 Letter), sent an email to the court on January 16, 2025, which seems to make clear she did not believe she was acting as TDCJ's counsel when she sent the October 2 Letter. ECF No. 1-4 at 15 ("On October 2, 2024, I submitted a letter," but "I write now as Counsel for [Defendant] Guerrero").

Simply put, the October 2 Letter was simply the AG's Office seeking to impose its will in a criminal matter when the local prosecutor had made no move toward doing what the AG's Office thought it should do, which was to ask the trial court to schedule Johnson's execution, seemingly in an attempt to "rein in" a prosecutor it believes to be "rogue."[3] The statute at issue in *Stephens v. State*, 663 S.W.3d 45 (Tex. Crim. App. 2021), was found to be unconstitutional by

---

[2] While Counsel have not yet been able to obtain copies of any email communications between the AG's Office and the DA's Office pertaining to the scheduling of Plaintiff's execution, Counsel are aware of what those communications look like when the AG's Office does not believe the DA's office will choose not to participate. *See* Exhibit 2.

[3] *C.f.* Press Release, Tex. Att'y Gen., Attorney General Ken Paxton Announces New Reporting Requirement to Rein in Rogue District Attorneys and Ensure the Prosecution of Violent Criminals (Mar. 31, 2025), *available at* https://www.texasattorneygeneral.gov/news/releases/attorney-general-ken-paxton-announces-new-reporting-requirement-rein-rogue-district-attorneys-and [https://perma.cc/J8RV-U2CR].

the Texas Court of Criminal Appeals because it violated the separation of powers provision of the Texas Constitution by giving the executive branch (through the Attorney General) authority to represent the State's interest in a state court criminal matter when that is reserved exclusively for the judicial branch (through the county and district attorneys). *Stephens*, 663 S.W.3d at 50 (explaining that the AG's office is part of the executive branch and that the county and district attorneys are in the judicial branch), 57 ("We hold that the grant of prosecutorial authority" to the AG's Office "violates . . . the Separation of Powers Clause."). While, as Counsel for Defendants has correctly recognized, "this is obviously not an election case," ECF No. 11 at 22, the CCA's delineation between the executive and judicial branches with respect to criminal matters in *Stephens*, which was essential to the holding of the opinion, is nonetheless applicable here:

> Any attempt to overlap the Attorney General's constitutional duties with county and district attorneys' constitutional duties in the sense of a Venn diagram of sorts is unconstitutional. Practically speaking, any overlap is necessarily invitational, consensual, and by request: a county or district attorney must request the assistance of the Attorney General.

*Stephens*, 663 S.W.3d at 56. That principle applies *both* when the Attorney General is tasked by the Legislature to prosecute perceived election crimes in jurisdictions where the elected district attorney believes there to be no crime to prosecute *and* when the Attorney General decides that the pace at which the elected district attorney is seeking to have a death sentenced inmate executed is not sufficiently swift and seeks to intervene. To be sure, the AG's office did not file its motion simply to inform the court; the AG's Office sought to facilitate the court's scheduling Plaintiff's execution by volunteering to represent the State's interests in any subsequent proceeding, given that the district attorney's office had shown no interest in doing so. That,

4

however, is simply not permissible. *See* ECF No. 1 at 21-25; *see infra* Part II.

**II.     Contrary to Defendants' assertion, Plaintiff has not argued that a trial court is limited in what it can consider when deciding whether to set a date sua sponte. Plaintiff has only asserted that if the trial court sets an execution date in response to a filing (or other document) and not on its own motion, then that filing or document cannot be filed, created, or delivered to the court by an attorney with no authority to act in the proceeding.**

The trial court did not schedule Johnson's execution sua sponte. The emails between the court, the parties, and the AG's Office make clear that the date was entered in response to the AG's filing. See ECF No. 1-4 at 4 ("The Court acknowledges receipt of the Attorney General's letter regarding scheduling the execution date in the State v. Matthew Johnson as well as the response filed by the defense. After reviewing both submissions . . ."). Defendants' repeated attempts to characterize what happened in this case as being an example of a trial court acting sua sponte, see ECF No. 11 at 8, is nothing more than an attempt to misdirect this Court.

While Plaintiff has pled that it is possible for a trial court to schedule a date sua sponte (because that is not prohibited by the statute and the bill analysis from the Senate cited by Plaintiff in his complaint, ECF No. 1 at 20-21 n.7, at least suggests that is possible), if that happens at all, it is quite infrequent. *See* ECF No. 1 at 24-25 (explaining that if a Dallas County district court has ever scheduled an execution sua sponte, it happened over ten years ago). The fact that dates are entered on a judge's own motion so infrequently seems likely based at least on part on the trial court's realization that there will likely be significant litigation filed once an execution is scheduled. *See* Exhibit 1 at 13 (AG Office's manual explaining that "[y]ou must assume that last-minute litigation will occur"). Realizing it would be problematic for there to be no office prepared to represent the State's interests in the subsequently filed state litigation if the DA's office has chosen not to participate (as suggested by the AG Office's October 2 Letter,

5

ECF No. 1-2), a trial court would seem to be ill advised to schedule an execution until the district attorney's office has indicated it is prepared to represent the State's interest.

By filing a letter which sought to assure the trial court that the State's interests would be represented in any state litigation, based on a faulty argument that there exist a mechanism for the AG's Office to do so (absent a request from the DA's Office), the AG's Office, by design, sought to alleviate any concerns the trial court might have had. The AG's office, however, had no authority to file anything in the proceeding or to represent the State's interests in any state court litigation, absent a request from the DA's Office. *Stephens*, 663 S.W.3d at 56.

While the AG's office had no authority to file its October 2 Letter, if that Letter simply informed the trial court that Johnson's federal habeas proceeding had concluded and listed available dates, then it might be a closer call as to whether Johnson's Fourteenth Amendment rights had been violated. Of course, the actual Letter differs from Defendants' hypothetical letter in two important respects: 1) it informed the trial court that the AG's office believed it was "an appropriate time for this Court to schedule an execution"; and 2) it proposed that the AG's Office could represent the State's interest as attorney pro tem or as a friend of the court if the DA's Office continued to choose not to participate. ECF No. 1-2.

As explained in greater detail in Plaintiff's Complaint, the court could only appoint the AG's Office to serve as Attorney Pro Tem (absent a request to do so from the DA) if the district attorney was absent or disqualified. ECF No. 1 at 23-24 & nn.8-9. Mr. Cruezot is neither absent nor disqualified from representing the State's interest in Johnson's case. Regarding the AG's suggestion that the office could serve as a friend of the court, there is simply no mechanism in Texas law that allows for amicus participation in a criminal matter outside of what is allowed for

by Texas Rule of Appellate Procedure 11, and Defendants have made no attempt to explain under what authority the AG's office could serve as a friend of the court in all subsequently filed litigation in the state courts.

### III. The scheduling of an execution involves discretion and is not a ministerial act.

While Defendants have cited two opinions from the Fifth Circuit Court of Appeals that say that the scheduling of an execution is ministerial, this Court should not find itself bound by those statements for at least two reasons: 1) the statement is dictum in both opinions; and 2) the CCA unanimously indicated on February 1, 2023 (well after the two opinions cited by Defendants were issued) that the issue of "whether a trial court violates a ministerial duty by refusing to sign an order setting an execution date" is one that it has not determined. *In re State ex rel. Ogg*, No. WR-93,812-01 (Tex. Crim. App. Feb. 1, 2023).

The question at issue in both *Belyeu v. Johnson*, 82 F.3d 613 (5th Cir. 1996), and *Parr v. Quarterman*, 245 F. App'x 364 (5th Cir. 2007), was whether a death sentenced inmate had a right to be present at any hearing to schedule his execution. *Belyeu*, 82 F.3d at 615; *Parr*, 245 F. App'x at 364-65; *see also* ECF No. 11 at 20 (citing both *Belyeu* and *Parr* for the proposition that a date setting hearing is ministerial in nature). Of course, whether a defendant has a right to be present at a hearing turns on whether the setting is considered to be a critical stage of the proceeding, not whether it is ministerial in nature. *See Rushen v. Spain*, 464 U.S. 114, 117 (1983). The court of appeals' statement in *Belyeu* (quoted in *Parr*) that a date setting proceeding is ministerial in nature is not critical to the holding of either opinion and is, for that reason, dictum.

Article 43.141, which pertains to the scheduling of an execution, is itself indicative of the

amount of discretion involved in the trial court's deciding whether to schedule an execution. For example, if the trial court decides further proceedings are necessary pursuant to Chapter 64 of the Code of Criminal Procedure (which pertains to a defendant's right to seek post-conviction analysis of biological evidence), then the trial court would not schedule a date (because if it did so, it would be setting a date it would then need to immediately withdraw). *See* Tex. Code Crim. Proc. art. 43.141(d)(2). As mentioned above, a second consideration a court needs to consider is whether the State's interests will be properly represented in any subsequent litigation if the court does enter a date.

### IV.     Plaintiff has diligently pursued his claims.

While Defendants have suggested that Plaintiff could have filed his Mandamus in the trial court as soon as the AG filed his October 2 Letter, there was nothing to mandamus until the court acted on that motion. Even if that were not true (and it is true), Plaintiff could have had no reason to believe on October 2 that the AG's mere filing of its Letter would lead to a date being set, given that a date has only been scheduled in response to such a letter in this case, and perhaps one other case. *See* ECF No. 1 at 36 & nn. 11, 16.

On March 10, Counsel filed the Rule 12 Request that led to the production of the emails attached to Plaintiff's Complaint as Exhibit 4, which were necessary to this proceeding. ECF No. 1-5 at 3. Not until April 7 did Counsel receive some of the emails they had requested. ECF No. 1-5 at 1. One week later, on April 14, Counsel filed Plaintiff's Motion for Leave to File Petition for Writ of Mandamus in the CCA. The CCA denied leave to file on April 28. One week later, Plaintiff filed his Complaint in this Court, even while still appealing the partial denial of his Rule 12 request seeking access to additional emails between the trial court and its staff counsel.

Plaintiff has diligently pursued the claims he now presents to this Court.

## V. Prayer for relief

Defendants' Response in Opposition to Plaintiff's Motion for Stay of Execution attempts to minimize what happened in the trial court by arguing that the AG's October 2 Letter did nothing more than inform the trial court and that the trial court's scheduling Plaintiff's execution was ministerial in nature and did not involve the court's exercise of its discretion. Both of these assertions are false. The AG's Office had no authority to file its Letter, suggest the trial court should enter a date, or suggest that it could represent the State's interests in subsequent state litigation. The trial court erred in scheduling Plaintiff's execution in response to the AG's unlawful letter. By denying Johnson leave to file a petition for mandamus, the CCA passed on the opportunity to issue a decision on the merits of Johnson's Fourteenth Amendment claims, which are properly before this Court.

WHEREFORE, Plaintiff Matthew Lee Johnson prays that the Court:

1. Find that the execution order violates Johnsons rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses.

2. Stay his execution currently set for May 20, 2025.

Respectfully submitted,

| /s/ David R. Dow | /s/ Jeffrey R. Newberry |
|---|---|
| David R. Dow | Jeffrey R. Newberry |
| Texas Bar No. 06064900 | Texas Bar No. 24060966 |
| University of Houston Law Center | University of Houston Law Center |
| 4170 Martin Luther King Blvd. | 4170 Martin Luther King Blvd. |
| Houston, Texas 77204-6060 | Houston, Texas 77204-6060 |
| Tel. (713) 743-2171 | Tel. (713) 743-6843 |
| Email ddow@central.uh.edu | Email jrnewber@central.uh.edu |

**Certificate of Service**

    I certify that on May 13, 2025, a true and correct copy of the above pleading was delivered via email to:

Stephen Hoffman
Criminal Appeals Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Email: Stephen.Hoffman@oag.texas.gov

                                                                          s/ Jeffrey R. Newberry
                                                                          _____
                                                                          Jeffrey R. Newberry