

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 7, 2009

Matthew L. Byrne
Texas Defender Service
510 S. Congress Ave., Ste. 307
Austin, TX 78704

RE:    Public Information Request No. 08-23461

Dear Mr. Byrne:

This letter is in response to your public information request to the Office of the Attorney General ("OAG"), received in our office on September 30, 2008.  A copy of your request is enclosed.

The OAG sought a ruling from the Open Records Division with respect to some of the information responsive to your request, and that ruling has now been issued.  A copy of that ruling is enclosed for your convenience.

In accordance with ruling number OR2008-17317 issued by the Open Records Division on December 19, 2008, we are enclosing information that is to be released as public information not excepted from disclosure.  Although the Public Information Act allows a governmental body to charge for copying documents, the enclosed is being provided to you at no charge.

If you have any questions or wish to discuss this further, you may contact me at 512-475-4213 or via e-mail at zindia.thomas@oag.state.tx.us.

Sincerely,

ZINDIA T. THOMAS
Assistant Attorney General
Public Information Coordinator

ZT/file
Enclosure



# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

December 19, 2008

Ms. Zindia Thomas
Assistant Attorney General
Public Information Coordinator
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548

OR2008-17317

Dear Ms. Thomas:

You ask whether certain information is subject to required public disclosure under chapter 552 of the Government Code, the Public Information Act (the "Act"). Your request was assigned ID# 330472 (PIR No. 08-23461).

The Office of the Attorney General (the "OAG") received a request for information concerning the setting of execution dates. The OAG states it will release some information and asserts the remainder is excepted from disclosure under sections 552.101, 552.103, 552.106, 552.107, 552.108, 552.111, and 552.137 of the Government Code. We have considered your claimed exceptions to disclosure and have reviewed the submitted sample of information.[1]

First, we consider the OAG's section 552.107 assertion for Exhibits C, D, and F - J. Section 552.107(1) of the Government Code protects information coming within the attorney-client privilege. When asserting the attorney-client privilege, a governmental body has the burden of providing the necessary facts to demonstrate the elements of the privilege

---

[1]We assume that the representative sample of records submitted to this office is truly representative of the requested records as a whole. *See* Open Records Decision Nos. 499 (1988), 497 (1988). This open records letter does not reach, and therefore does not authorize the withholding of, any other requested records to the extent that those records contain substantially different types of information than that submitted to this office.

Ms. Zindia Thomas - Page 2

in order to withhold the information at issue. Open Records Decision No. 676 at 6-7 (2002). First, a governmental body must demonstrate that the information constitutes or documents a communication. *Id.* at 7. Second, the communication must have been made "for the purpose of facilitating the rendition of professional legal services" to the client governmental body. TEX. R. EVID. 503(b)(1). The privilege does not apply when an attorney or representative is involved in some capacity other than that of providing or facilitating professional legal services to the client governmental body. *In re Texas Farmers Ins. Exch.*, 990 S.W.2d 337, 340 (Tex. App.—Texarkana 1999, orig. proceeding) (attorney-client privilege does not apply if attorney acting in a capacity other than that of attorney). Governmental attorneys often act in capacities other than that of professional legal counsel, such as administrators, investigators, or managers. Thus, the mere fact that a communication involves an attorney for the government does not demonstrate this element. Third, the privilege applies only to communications between or among clients, client representatives, lawyers, lawyer representatives, and a lawyer representing another party in a pending action and concerning a matter of common interest therein. *See* TEX. R. EVID. 503(b)(1)(A), (B), (C), (D), (E). Thus, a governmental body must inform this office of the identities and capacities of the individuals to whom each communication at issue has been made. Lastly, the attorney-client privilege applies only to a *confidential* communication, *id.* 503(b)(1), meaning it was "not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." *Id.* 503(a)(5). Whether a communication meets this definition depends on the *intent* of the parties involved at the time the information was communicated. *Osborne v. Johnson*, 954 S.W.2d 180, 184 (Tex. App.—Waco 1997, no writ). Moreover, because the client may elect to waive the privilege at any time, a governmental body must explain that the confidentiality of a communication has been maintained. Section 552.107(1) generally excepts an entire communication that is demonstrated to be protected by the attorney-client privilege unless otherwise waived by the governmental body. *See Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996) (privilege extends to entire communication, including facts contained therein).

The OAG states the exhibits consist of communications between the OAG; its client agency, the Texas Department of Criminal Justice; and parties who are involved in the execution process, and therefore, are not members of the public. However, as stated above, the standard for the attorney-client privilege is that the communication must be between privileged parties or parties with a common interest as defined by Rule 503. Whether the communication is made to a member of the "public" is not the controlling standard. Exhibit J and one communication in Exhibit C were communicated to non-privileged parties. Thus, these communications are not privileged attorney-client communications, and the OAG may not withhold them under section 552.107. The OAG may withhold

Ms. Zindia Thomas - Page 3

Exhibits D, F - I, and the rest of Exhibit C under section 552.107 because they are communications between privileged parties.[2]

Next, we consider the OAG's section 552.103 assertion for the document in Exhibit C that is not excepted from disclosure under section 552.107. Section 552.103, the litigation exception, provides in relevant part as follows:

> (a)  Information is excepted from [required public disclosure] if it is information relating to litigation of a civil or criminal nature to which the state or a political subdivision is or may be a party or to which an officer or employee of the state or a political subdivision, as a consequence of the person's office or employment, is or may be a party.
>
> . . . .
>
> (c)  Information relating to litigation involving a governmental body or an officer or employee of a governmental body is excepted from disclosure under Subsection (a) only if the litigation is pending or reasonably anticipated on the date that the requestor applies to the officer for public information for access to or duplication of the information.

Gov't Code § 552.103(a), (c). The governmental body has the burden of providing relevant facts and documents to show that the section 552.103(a) exception is applicable in a particular situation. The test for meeting this burden is a showing that (1) litigation is pending or reasonably anticipated on the date that the request for information was received, and (2) the information at issue is related to that litigation. *Univ. of Tex. Law Sch. v. Tex. Legal Found.*, 958 S.W.2d 479, 481 (Tex. App.—Austin 1997, no pet.); *Heard v. Houston Post Co.*, 684 S.W.2d 210, 212 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); Open Records Decision No. 551 at 4 (1990). The governmental body must meet both prongs of this test for information to be excepted under section 552.103(a).

The OAG explains that prior to the receipt of the written request, the capital litigation case discussed in the document at issue was pending. Thus, the OAG has satisfied the first prong of section 552.103. As for the second prong, we agree the information is related to the litigation for purposes of section 552.103(a). Therefore, the OAG may withhold the remaining document in Exhibit C from public disclosure under section 552.103.[3]

---

[2]Because section 552.107 is dispositive, we do not address the OAG's other arguments for this information.

[3]Because section 552.103 is dispositive, we do not address the OAG's other arguments for this information.

We note that once information has been obtained by all parties to the litigation through discovery or otherwise, no section 552.103(a) interest exists with respect to that information. Open Records Decision Nos. 349 (1982), 320 (1982). Thus, information that has either been obtained from or provided to the opposing party in the litigation is not excepted from disclosure under section 552.103(a), and it must be disclosed. Further, the applicability of section 552.103(a) ends once the litigation has been concluded. Attorney General Opinion MW-575 (1982); Open Records Decision No. 350 (1982).

Section 552.111 excepts from disclosure "an interagency or intraagency memorandum or letter that would not be available by law to a party in litigation with the agency." In Open Records Decision No. 615 (1993), this office reexamined the predecessor to the section 552.111 exception in light of the decision in *Texas Department of Public Safety v. Gilbreath,* 842 S.W.2d 408 (Tex. App.—Austin 1992, no writ), and held that section 552.111 excepts only those internal communications consisting of advice, recommendations, opinions, and other material reflecting the policymaking processes of the governmental body. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 364 (Tex. 2000); *Arlington Indep. Sch. Dist. v. Tex. Attorney Gen.,* 37 S.W.3d 152, 160 (Tex. App.—Austin 2001, no pet.). An agency's policymaking functions do not encompass internal administrative or personnel matters; disclosure of information relating to such matters will not inhibit free discussion among agency personnel as to policy issues. ORD 615 at 5-6. Additionally, section 552.111 does not generally except from disclosure purely factual information that is severable from the opinion portions of internal memoranda. *Arlington Indep. Sch. Dist.* 37 S.W.3d at 160; ORD 615 at 4-5. After reviewing Exhibits B and E, we conclude the OAG may withhold the information we marked under section 552.111 because the information constitutes advice, recommendations, and opinions reflecting the OAG's policymaking processes. However, the rest is purely factual information that the OAG may not withhold under section 552.111.

Section 552.106 excepts from disclosure "[a] draft or working paper involved in the preparation of proposed legislation." Gov't Code § 552.106. The purpose of section 552.106 is to encourage frank discussion on policy matters between the subordinates or advisors of a legislative body and the members of the legislative body, and therefore, it does not except from disclosure purely factual information. Open Records Decision No. 460 at 2 (1987). Section 552.106 ordinarily applies only to persons with a responsibility to prepare information and proposals for a legislative body. *Id.* The OAG explains Exhibit K is a draft of proposed legislation concerning the setting of execution dates. We agree the OAG may withhold Exhibit K under section 552.106.

Lastly, we address the OAG's assertion under section 552.137 for Exhibit L. Section 552.137 provides an e-mail address of a member of the public that is provided for the purpose of communicating electronically with a governmental body is confidential and not subject to disclosure. Gov't Code § 552.137(a). However, a private e-mail address may be disclosed if the member of the public affirmatively consents to its release. *Id.* § 552.137(b). The OAG

Ms. Zindia Thomas - Page 5

explains the individual at issue has not affirmatively consented to release of his private e-mail address. Thus, the OAG must withhold it under section 552.137.

In summary, the OAG may withhold 1) Exhibits D, F - I, and all but one communication in Exhibit C under section 552.107, 2) the remaining communication in Exhibit C under section 552.111, and 4) Exhibit K under section 552.106. In addition, the OAG must withhold the private e-mail address it marked in Exhibit L under section 552.137. The OAG must release Exhibit J and the remaining information in Exhibits B and E.

This letter ruling is limited to the particular records at issue in this request and limited to the facts as presented to us; therefore, this ruling must not be relied upon as a previous determination regarding any other records or any other circumstances.

This ruling triggers important deadlines regarding the rights and responsibilities of the governmental body and of the requestor. For example, governmental bodies are prohibited from asking the attorney general to reconsider this ruling. Gov't Code § 552.301(f). If the governmental body wants to challenge this ruling, the governmental body must file suit in Travis County within 30 calendar days. *Id.* § 552.324(b). In order to get the full benefit of such a challenge, the governmental body must file suit within 10 calendar days. *Id.* § 552.353(b)(3). If the governmental body does not file suit over this ruling and the governmental body does not comply with it, then both the requestor and the attorney general have the right to file suit against the governmental body to enforce this ruling. *Id.* § 552.321(a).

If this ruling requires the governmental body to release all or part of the requested information, the governmental body is responsible for taking the next step. Based on the statute, the attorney general expects that, upon receiving this ruling, the governmental body will either release the public records promptly pursuant to section 552.221(a) of the Government Code or file a lawsuit challenging this ruling pursuant to section 552.324 of the Government Code. If the governmental body fails to do one of these things, then the requestor should report that failure to the attorney general's Open Government Hotline, toll free, at (877) 673-6839. The requestor may also file a complaint with the district or county attorney. *Id.* § 552.3215(e).

If this ruling requires or permits the governmental body to withhold all or some of the requested information, the requestor can challenge that decision by suing the governmental body. *Id.* § 552.321(a); *Texas Dep't of Pub. Safety v. Gilbreath*, 842 S.W.2d 408, 411 (Tex. App.—Austin 1992, no writ).

Please remember that under the Act the release of information triggers certain procedures for costs and charges to the requestor. If records are released in compliance with this ruling, be sure that all charges for the information are at or below the legal amounts. Questions or

Ms. Zindia Thomas - Page 6

complaints about over-charging must be directed to Hadassah Schloss at the Office of the Attorney General at (512) 475-2497.

If the governmental body, the requestor, or any other person has questions or comments about this ruling, they may contact our office. Although there is no statutory deadline for contacting us, the attorney general prefers to receive any comments within 10 calendar days of the date of this ruling.

Sincerely,

Yen-Ha Le
Assistant Attorney General
Open Records Division

YHL/sdk

Ref:    ID# 330472

Enc:    Marked documents

c:      Requestor
        (w/o enclosures)

Public Information
Coordinator

SEP 3 0 2008

September 25, 2008

Zindia Thomas
Public Information Coordinator
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711
fax: (512) 494-8017
publicrecords@oag.state.tx.us

Matthew L. Byrne
Texas Defender Service
510 S. Congress Ave., Ste. 307
Austin, Texas 78704
office: (512) 320-8300
cell: (512) 745-9141
fax: (512) 477-2153
MatthewLByrne@gmail.com

Re: Public Information Act request

Ms. Thomas:

I write you to request copies of public information under the control of the Office of the
Attorney General. If you are not the custodian of these records please send me an email letting
me know. Thanks very much.

This request is made under the Texas Public Information Act, Chapter 552, TEXAS
GOVERNMENT CODE, which guarantees the public's access to information in the custody of
governmental agencies.

I respectfully request copies of the following information, subject to the following definitions.
This request refers to any materials or events which were produced or which occurred during the
last 10 years.

Definitions

For the purposes of this request, the term "information" includes any and all files, records, and
documents, and is intended to include without limitation any and all written, typed, printed,
handwritten, recorded, graphic, computer-generated, or other matter of any kind from which
information can be derived, whether produced, reproduced, or stored on paper, cards, tapes,
films, electronic facsimiles, computer storage devices, or any other medium. They include,
without limitation, books, letters, memoranda (including internal memoranda), notes, printed
forms, photographs, publications, press releases, film, tape, microfiche, microfilm, sound
recordings, notices, minutes, summaries or abstracts, reports, files, transcripts, maps, drawings,
information held in computer memory, telegrams, telex messages, handbooks, guides, training
materials, and recordings (including both videotapes and audiotapes), as well as any

reproductions thereof that differ in any way from any other reproduction, such as copies containing marginal notations.

For the purposes of this request, the term "OAG" refers to the Office of the Attorney General and any of its subdivisions.

For the purposes of this request, information referred to as "pertaining to the setting of execution dates in general and/or in specific cases and/or pertaining to the pursuit, encouragement, and/or inducement of the setting of execution dates in general or in any specific cases" or referred to by similar language includes any information pertaining to *not* setting any execution dates and to *not* pursuing or encouraging the setting of any execution dates.

For the purposes of this request, information referred to as "pertaining to which cases or types of case in which to pursue, encourage, and/or induce the setting of any execution dates" or referred to by similar language includes any information pertaining to which cases or types of cases in which to *not* pursue or *not* encourage the setting of any execution dates.

For the purposes of this request, information referred to as "pertaining to any state-wide and/or inter-county scheduling, coordination, and/or calendering of execution dates, in general or in any specific cases" or referred to by similar language includes any information pertaining to *not* setting execution dates.

<u>Requested Materials</u>

1.  Any information pertaining to any statements of policies, practices, and/or decisions of the OAG regarding:

    a.  the setting of execution dates in general and/or in any specific cases and/or pertaining to any policies, practices, and/or decisions regarding the pursuit, encouragement, or inducement of the setting of execution dates in general and/or in any specific cases by any governmental actor;

    b.  which cases or types of case in which to set any execution date or to pursue, encourage, or induce the setting of any execution dates; and/or

    c.  any state-wide and/or inter-county scheduling, coordination, and/or calendering of execution dates, in general or in any specific cases.

2.  Any information pertaining to policies, public or private, internal or external, generalized or specific, and/or formal or informal, of the OAG pertaining to:

    a.  the setting of execution dates in general and/or in any specific cases and/or pertaining to any policies, practices, and/or decisions regarding the pursuit, encouragement, and/or inducement of the setting of execution dates in general and/or in any specific cases by any governmental actor;

    b.  which cases or types of cases in which to set any execution date or to pursue,

encourage, or induce the setting of any execution dates; and/or

    c.    any state-wide and/or inter-county scheduling, coordination, and/or calendering of execution dates, in general or in any specific cases.

3.    Any information pertaining to generally-followed practices of the OAG:

    a.    of setting of execution dates in general and/or in any specific cases or of the pursuit, encouragement, or inducement of the setting of execution dates in general and/or in any specific cases by any governmental actor;

    b.    of determining which cases or types of cases in which to set any execution dates or to pursue, encourage, or induce the setting of any execution dates; and/or

    c.    of any state-wide and/or inter-county scheduling, coordination, and/or calendering of execution dates, in general or in any specific cases.

4.    Any information pertaining to decisions of the OAG regarding:

    a.    the setting of execution dates in general and/or in specific cases and/or as to the pursuit, encouragement, or inducement of the setting of execution dates in general and/or in any specific cases by any governmental actor;

    b.    which cases or types of cases in which to set any execution dates or to pursue, encourage, or induce the setting of any execution dates;

    c.    any state-wide and/or inter-county scheduling, coordination, and/or calendering of execution dates, in general or in any specific cases.

5.    Any information pertaining communications between the OAG and any local officials, including District Attorneys, relevant to:

    a.    the setting of execution dates in general and/or in specific cases and/or as to the pursuit, encouragement, or inducement of the setting of execution dates in general and/or in any specific cases by any governmental actor; and/or

    b.    which cases or types of cases in which to set any execution dates or to pursue or to encourage the setting of any execution dates; and/or

    c.    to any state-wide and/or inter-county scheduling, coordination, and/or calendering of execution dates, in general or in any specific cases.

6.    Any information pertaining to agreements, formal or informal, between the OAG and any local officials, including District Attorneys, pertaining to:

    a.    the setting of execution dates in general and/or in specific cases and/or as to the pursuit, encouragement, or inducement of the setting of execution dates in general

and/or in any specific cases by any governmental actor;

b.    which cases or types of cases in which to set any execution dates or to pursue, encourage, or induce the setting of any execution dates; and/or

c.    any state-wide and/or inter-county scheduling, coordination, and/or calendering of execution dates, in general or in any specific cases.

I request this information whether the pertinent records be in the OAG's files or in the possession of members or former members of the OAG.

If you remove any documents or redact any information from the file, I would ask that you provide me with a list containing a general description of each of the documents or pieces of information exempted from public disclosure and the reason for the exemption. If the response of the OAG to any request would be protected from disclosure in part, that part of the request should be construed to be severable and severed and any unprotected material should be disclosed.

This request is made on behalf of a non-profit organization. I therefore request a waiver of all fees and charges pursuant to Section 552.267 of the Public Information Act. If you cannot waive the fees, I would agree to pay reasonable search and/or duplication fees connected with this request. Because time is a factor I'd ask that you please communicate with me by telephone or e-mail.

Please contact me if you have any questions. Thanks very much for you time and attention.

With my best,

Matt Byrne

# EXECUTIONS

# EXECUTION PROCEDURES

Particularly for attorneys new to capital work, it is important to work closely with your Team Leader and/or other senior attorneys throughout this process, from the setting of the execution date, to anticipating potential last-minute claims, to responding to last-minute litigation, to communicating with all the entities involved in the process.

## I.    The scheduling of execution dates

### A.    What is our role in the scheduling of execution dates?

Our office is not responsible for setting or requesting the setting of execution dates. Execution dates are set by the state convicting court pursuant to state law, *see* Tex. Code Crim. Proc. art. 43.141, generally on the local district attorney's motion or sua sponte. But the process is most often triggered by our office notifying the local district attorney of the status of federal court litigation. Further, we do attempt to coordinate with the local district attorney's office regarding the setting of execution dates to avoid scheduling multiple executions on a single date or excessive executions during a given timeframe. Attorneys should also be mindful of their own schedules when coordinating with the district attorney's office regarding the scheduling of an execution. You must assume that last-minute litigation will occur and insure that you will be available to handle it.

### B.    When will an execution date be set in my case?

Pursuant to state law, in the absence of court order (state or federal) staying an execution, there is no impediment to the setting of an execution date once state habeas corpus relief has been denied. Tex. Code Crim. Proc. art. 43.141(a). For practical purposes, however, execution dates are rarely set during the pendency of proceedings in the lower federal courts.

When a capital case clears the Fifth Circuit (that is, the Fifth Circuit issues an opinion denying COA, affirming the denial of relief by the district court, or reversing the district court's grant of relief and rendering judgment in our favor), the attorney assigned to the case should inform the local district attorney's office. This notification is usually what triggers discussion regarding the scheduling of an execution date.

Some DA's offices choose to wait until the Supreme Court denies certiorari review before moving the trial court to schedule an execution. Others opt to request an execution date before the inmates files his cert. petition (but allowing sufficient time before the date for the inmate to have his full 90 days, us sufficient time to respond, and the Court sufficient time to consider the cert. petition pursuant to its regular conference schedule).

Note also that, pursuant to state law, a first execution date must be set at least 90 days out from the date of the order setting the date; subsequent execution dates must be set at least 30 days out. Tex. Code Crim. Proc. art 43.141 (c).

C.     **Some guidelines for coordinating the setting of execution dates**

1.     Avoid scheduling more than one execution on a single day.

2.     Avoid scheduling more than three executions in one week.

3.     Avoid scheduling executions on Mondays, Fridays, or days immediately surrounding holidays.

4.     Avoid scheduling executions during the month of December.

5.     Avoid scheduling executions during the week preceding Mardi Gras.

6.     Avoid your own scheduling conflicts, keeping in mind that you will be the one handling any last-minute litigation that arises in the federal courts.

II.     **Preparation for an execution date**

Once an execution date is set, the attorney assigned to the case must monitor the case closely and attempt, to the extent possible, to anticipate last-minute claims that the inmate may raise. The attorney will be responsible for communicating promptly with the courts, the DA's office, prison officials, and other entities regarding the status of any litigation. Finally, the attorney is responsible for responding to all last-minute appeals filed by the inmate as expeditiously as possible.

A.    **Maintain contacts**

    1.    Local district attorney's office
    2.    Victim assistance coordinator/victim(s)'s family
    3.    Court personnel
    4.    Prison personnel
    5.    Governor's office
    6.    Board of Pardons & Paroles

B.    **Identify subjects of potential last-minute litigation**

    See **Guide to Last-minute Litigation**

C.    **Prepare facts-of-the-crime memo**

    1.    Submit two weeks before execution date unless requested earlier

    2.    Email to

        OAG press office (or particular contact);
        Kent Sullivan;
        Eric Nichols;
        Patty Wilford;
        Edward Marshall;
        Don Clemmer;
        Hermann Milholland;
        Karen Martin;
        Governor's Office (or particular contact);
        Board of Pardons & Paroles (or particular contact).

D.    **Last-minute litigation**

    See **Guide to Last-minute Litigation**

III.    **The day of the execution**

On the day of the scheduled execution, someone from the warden's office at the Walls Unit will call the attorney assigned to the case to check up on the status of any pending litigation. The assigned attorney should keep this

-3-

individual apprised of any status updates throughout the day.

In the event that all last-minute litigation is resolved against the inmate before the expiration of the warrant, the execution will proceed.

If there is no last-minute litigation pending on the day of the execution or if the litigation is resolved well in advance of 6 p.m., the warden's office will telephone the assigned attorney shortly before 6 p.m., and the attorney will remain on the telephone with prison personnel through the duration of the execution process.

If there is litigation pending at or shortly before 6 p.m., the prison will await the assigned attorney's telephone call advising that the litigation has been disposed of before proceeding.

In either case, the assigned attorney will remain on the telephone during the execution, advising prison personnel of the disposition of appeals and giving the final "go ahead" (along with the Governor's office on another line) for the execution to proceed.

## IV.    After the execution

### A.    Notification as necessary (always notify Harris County)

### B.    Prepare AG file for closing

## V.    The execution event log

The assigned attorney should maintain an execution event log for each and every execution.  Each phone call or email sent or received should be logged according to date and time and should indicate the person to or from whom the communication was sent or received.  Similarly, every pleading or brief filed should be logged according to date, time, and court.  This also applies to pleadings and briefs filed by the inmate's counsel or any other party.  Finally, it also applies to court orders entered.  Additional notes may be added at the discretion of the assigned attorney.  An electronic copy of the log should be emailed to your Team Leader and Division Chief no later than close of business on the first Friday following the execution.  A template is available at G:\Data\Cap_lit\pcl_policies_procedures\Templates

# GUIDE TO LAST-MINUTE LITIGATION

I.    **What will it look like?**

    A.    Subsequent state habeas application, followed by cert. petition
    B.    Competency challenge in trial court, followed by cert. petition
    C.    Motion for authorization to file successive federal habeas petition
    D.    Original application for habeas relief in Supreme Court
    E.    Successive federal habeas petition in district court, followed by appeal to 5th Circuit and cert. petition
    F.    Rule 60(b) motion in district court
    G.    Out-of-time motion for rehearing in state court, 5th Circuit, or Supreme Court
    H.    Civil rights lawsuit in state or federal district court
    I.    Stay application/motion in any court
    J.    Motion to modify/withdraw execution date in trial court

II.    **How do I prepare?**

    A.    Assess the situation.

        1.    Revisit the record: are there any novel facts, such as mental health issues, forensic problems, or innocence claims?
        2.    Have there been any new Supreme Court death-penalty or criminal procedure cases?
        3.    Is there a trend among recent executions, *e.g.,* lethal-injection lawsuits or mental-retardation claims?
        4.    Order TDCJ records: has the inmate had recent medical/psychiatric problems on death row?

    B.    Make contact.

        1.    Talk to the district attorney's office. What have they heard? What do they expect?
        2.    Stay in touch with court personnel, such as Ed Marty at the Court of Criminal Appeals, Monica Washington at the 5th Circuit, and Danny Bickell at the Supreme Court.
        3.    Obtain a copy of any clemency application from the district attorney or the Board of Pardons & Paroles. Often these applications will reveal the bases for last-minute litigation.

4. Obtain copies of anything filed in state court and not served on our office, such as subsequent state habeas applications, Article 46.05 competency motions, or motions to modify/withdraw execution dates.

5. Talk to your Team Leader, Deputy Division Chief, or Division Chief about the possibilities.

C. Get ready.

1. Decide at least a week in advance where the most likely attacks will be filed and what issues they will raise.

2. Draft pleadings in advance. Begin the week before the execution and complete statements of facts, statements of the case, and procedural arguments. If you have copies of state filings, begin to draft merits arguments as well.

3. A few sample pleadings are available at G:\Data\Cap_lit\pcl_policies_procedures\Templates

   a. SampleBIO.sh.wpd: brief in opposition to cert. petition from subsequent state habeas application

   b. SampleBIO.state.comp.wpd: brief in opposition to cert. petition from Article 64.05 competency proceeding

   c. Sample.succ.wpd: response to motion for authorization to file successive federal petition in 5th Circuit

   d. SampleBIO.ow.wpd: brief in opposition to original application for habeas relief in Supreme Court

4. For other sample pleadings, talk to your Team Leader, Deputy Division Chief, or Division Chief about where to find them.

5. Make sure your files (and piles) are organized.

## III. How does it happen?

A. Filing is almost always electronic.

B. The inmate's lawyer(s) will attempt to bring as many lawsuits as possible before the Supreme Court at the same time *and* as close to the time of execution as feasible. This serves a dual purpose:

1. It confuses and overwhelms the Justices and their clerks.

2.     It strains the resources of our office to respond.

C.    *It should not do either.* Whether in the lower courts or in the Supreme Court, our job is to provide the courts with the straight facts and law as soon as we reasonably can.

1.    Before the day of execution, you have time to perfect a response. Ask the courts for it.

2.    On the day of execution, you do not.

3.    Two hours is most often *too long* to respond to a last-day petition.

4.    Remember, however, sometimes delaying your response will minimize the time the inmate has to reply. They will delay their filings in order to minimize the time you have. Count on it.

5.    If you do not respond, your execution will most likely be stayed.

6.    If you do not respond in time, your execution may be stayed but you will most certainly be stuck in the office well past 6:00 p.m.

## EXECUTION EVENT LOG

Inmate: _____ County: _____

Assigned Attorney(s): _____

Time of Death or Stay: _____

| Date and Time | Event (Call, Email, Pleading, Order) | Court or Person Contacted | Notes |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Harris County cases        *Ed        1st week*

~~Jack Harry Smith - Convicted July 13, 1978; Harris County~~
Guy Stephen **Alexander**
Date of Conviction: **8-16-1989**
County of Conviction: **Harris**
AAG: Ana Jordan

Robert James Campbell - Convicted May 14, 1992; Harris County
~~Sonnier, Derrick - convicted February 17, 1993; Harris County~~

Stephen Lindsey **Moody**
Date of Conviction: **3-29-1993**
County of Conviction: **Harris**
AAG: Ana Jordan

~~Marlin Nelson - Convicted August, 1988; Harris County~~
~~Eric Nenno - convicted Jan. 1996; Harris County (pending in SCT)~~
~~George Whitaker - convicted 4-2-1996; Harris County~~
~~Johnny Johnson~~
Date of Conviction: **5-30-1996**
County of Conviction: **Harris**
AAG: Jeremy Greenwell

Eric Dwayne **Cathey**
Date of Conviction: **3-14-1997**
County of Conviction: **Harris**
AAG: Laura Berins

Christopher **Coleman**
Date of Conviction: **6-3-1997**
County of Conviction: **Harris**
AAG: Jeremy Greenwell

*CC Sawicki when dates are being tracked internally*

Dallas County cases

Karl Eugene Chamberlain                    *Kelli    2nd wk*
Date of Conviction: 6-1997
County of Conviction: **Dallas**
AAG: Ellen Stewart-Klein


Gregory Edward Wright - convicted 12-8-1997; Dallas County

Carlton Alkee Turner
Date of Conviction: 6-29-1999
County of Conviction: **Dallas**
AAG: Ellen Stewart-Klein

Leon David Dorsey
Date of Conviction: 5-25-2000
County of Conviction: **Dallas**
AAG: Kelli Weaver

Michael Rodriguez
Date of Conviction: 3-27-2003
County of Conviction: **Dallas**
AAG: Ana Jordan

**Tarrant County cases**

Elkie Lee **Taylor**
Date of Conviction: **6-29-1994**
County of Conviction: **Tarrant**
AAG: Laura Berins

*Tomee
last 2 wks*

Heliberto Chi - convicted 11-7-2002; Tarrant County

James **Martinez**
Date of Conviction: **2-6-2002**
County of Conviction: **Tarrant**
AAG: Jeremy Greenwell

Dale Scheanette - Convicted January, 2003; Tarrant County

**El Paso County:** *Erich?*

David Leonard Wood - convicted November 30, 1992; El Paso/Dallas County (pending in SCT)

Ricardo **Ortiz**
Date of Conviction: **6-17-1999**        *Avila* — ~~Tomee~~/*Erich?*
County of Conviction: **El Paso**
AAG: Ellen Stewart-Klein

**The rest:**

David **Lewis**
Date of Conviction: **4-1987; 1994 (retrial)**
County of Conviction: **Angelina**    *Tomee*
AAG: Ellen Stewart-Klein

Rogelio Reyes **Cannaday**
Date of Conviction: ~~**12-3-1997**~~        *Charles Hood - Collin 8.29.90  Tomee*
County of Conviction: **Bee**
AAG: Ana Jordan

Jeffrey Lee **Wood** - Convicted March, 1998; Bandera County  *Tomee*

~~Virgil Martinez - con~~victed 4-8-1998; Brazoria County

Bobby Wayne **Woods**
Date of Conviction: **5-1998**
County of Conviction: **Hood**
AAG: Ellen Stewart-Klein

~~Larry Donnell Davis~~ - Convicted March 27, 1999; Potter County  *Tomee*

~~William Murray~~ - convicted June 9, 1999; Kaufman County (pending in SCT)  *Tomee*

Arturo Diaz - convicted Feb. 18, 2000; Hidalgo County  *Tomee*

~~Denard Sha **Manns**~~
Date of Conviction: **2-28-2002**        *Grayson - Lester Bower (Stephen)*
County of Conviction: **Bell**
AAG: Georgette Oden

insisting that it would be "unethical to comment" on a pending case. Asked if it was also unethical to try a case in which she had been romantically involved with the prosecutor, the judge said, "I'm not going to comment on anything, and I resent the fact that you're calling." Judge Holland, who served on the Collin County court for 15 years before being elected to the state criminal appeals court, has since retired.

The Collin County District Attorney's Office, where O'Connell served for more than a decade, also refused to respond to written questions, as did John Schomburger, the assistant district attorney who prosecuted Hood with O'Connell.

Close friends of the late Earl Holland, who was married to Verla Sue Holland for 17 years, say there is no question that she and O'Connell had an ongoing, intimate relationship that began while she was married to Earl, a prominent banker active in local Republican politics. Friends of Holland, who died earlier this year, insist that he told them the affair was the precipitating factor in his decision to file for divorce.

"I am 100 percent sure that there was an affair," said one woman who refused to be named. This source recounted having listened to tape recordings Earl Holland obtained of conversations between the judge and O'Connell that provided irrefutable evidence that the two were intimately involved. Earl Holland had collected an entire "shoe box" of these recordings, she said, but she did not know how he obtained them.

Holland's friend said Holland "thought he [O'Connell] was a family friend," and invited him often to his home, only to learn later that O'Connell "was of course sleeping with Sue." Earl Holland became convinced that the alleged affair had gone on for several years before he learned about it. The divorce was finalized in October 1987. Sources differ on when the relationship ended; according to Holland's friend, the affair continued for at least a year after the divorce, possibly longer.

Another close personal friend in whom Earl Holland confided said there was "a mountain of circumstantial evidence of an affair," and that Earl Holland frequently discussed the alleged affair with him, both while he was married to Judge Holland and after. "Earl was convinced that they [Verla Sue and O'Connell] were having an affair. He was absolutely convinced."

Hood's original trial lawyer, David K. Haynes, said, "Everyone in the courthouse had heard those rumors" about the judge and the DA. But Haynes said that without proof, he did not feel he could raise the issue at trial.

According to a report prepared by a private investigator in 1995 in connection with Hood's appeals, Haynes may have had other reasons for failing to pursue "those rumors." The report quotes a paralegal who worked for Haynes, Janet Heitmiller, claiming that her boss "feared raising the relationship as an issue in Dean's [Charles Dean Hood's] case would cost them points with the judge concerning other cases" he might argue before her. According to the investigator's report, Heitmiller learned of the alleged relationship while working for Haynes and believed that Judge Holland and O'Connell "were still dating up to a year after the case was resolved."

The report, written by Tena S. Francis, also quotes a local attorney, Ray Wheless, as saying that "the judge and DA tried to keep their relationship as private as possible. People in the legal community knew about it, though, and the two could often be seen going to lunch together from the courthouse."

The investigator concluded that "the relationship with O'Connell is what cost [Judge] Holland her

marriage." The report added that Wheless "does not know why or how or when O'Connell's relationship with Holland ended." Now a Collin County judge, Wheless did not return phone calls to his home and office. Although Hood's appellate lawyers discussed the alleged affair over the years, the issue was never formally raised on any court proceeding.

Today, Hood's trial attorney, David Haynes, says that evidence of the alleged affair "certainly would have made a difference in the way the defense was approached. It would have cast some doubt about the fairness of the tribunal." But he says there is no way to know for sure if rulings Judge Holland made against his client were prejudiced due to the alleged relationship with the district attorney.

Richard Ellis, a San Francisco attorney now representing Hood, agrees that there is no way to connect Holland's rulings to allegations about her personal life, but he considers at least one of her decisions, refusing a defense request for a psychological evaluation, "totally out of the mainstream of judicial authority," given a Supreme Court ruling on the issue. Although Hood is not mentally retarded, a scientific presentation by a defense psychiatrist might have convinced the jury to forgo the death sentence. As a child, Hood suffered a traumatic head injury, and there was evidence that he was regularly whipped by his father.

David R. Dow, a University of Houston law professor who is also working on the Hood matter, insists, "It is a red herring to look for particular things that are challengeable, because what you have in a case like this is a complete and fundamental breakdown of all the premises of the adversary system." Based on the relationship of the judge and the prosecutor, Dow says there is no question that Hood should be granted a new trial. "Any criminal defendant who stands to be sentenced to death is entitled to a proceeding that is not only fair, but has the appearance of fairness. At a minimum, there is no appearance of fairness in this case, and we have good reason to believe the judge made decisions that resulted in concrete harm. Did she make those decisions because she was sleeping with the prosecutor? Who knows. But we shouldn't have to engage in that kind of idle speculation." Dow says the judge should have recused herself from the case.

Stephen Gillers, a professor of law at New York University Law School, agrees. One of the country's leading authorities on legal ethics, Gillers said, "There's no question -- it's incontrovertible -- this justice should not have sat in this case, at least not without informed consent on the record from the defense ... The public has a right to complete confidence in the court's disinterestedness, in the court's objectivity. It's simply not possible to know how the case might have gone differently or how the rulings might have been altered absent this relationship."

Gillers cited the widely used ABA Code of Judicial Conduct, which provides that "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Where there is doubt, a judge is obliged to disclose information that lawyers might consider relevant to the question of disqualification.

Citing the same provision, Hofstra law professor Monroe Freedman, author of "Understanding Lawyers' Ethics," said, "Beyond any doubt, a judge's romantic involvement with a lawyer appearing before him 'might' cause a reasonable person to 'question' his impartiality. I am confident that no one who works in the field of judges' ethics would take a different view from mine in this case."

Hood, 36, may have some of the country's top legal ethicists on his side, but getting the courts to grant him a new trial is another matter. If Judge Holland's behavior in the case is challenged, the state will

almost certainly argue that the defense still cannot prove that her rulings were prejudiced or that they would have changed the outcome of the jury's deliberations.

With his execution date imminent, Hood's lawyers have raised several other legal issues. On Thursday, the Supreme Court was scheduled to hear Hood's appeal for a new DNA test, with a decision expected on Monday. Hood's lawyers are also contesting the constitutionality of the Texas jury instructions given at his trial, which used the same language as instructions since deemed unconstitutional by the Supreme Court.

### Tomee Crocker - Salon.com article about Charles Dean Hood case

| | |
|---|---|
| **From:** | Charles Castillo |
| **To:** | Castillo, Charles;  Crocker, Tomee;  Hale, Angela;  Strickland, Jerry |
| **Date:** | 6/24/2005 1:33 PM |
| **Subject:** | Salon.com article about Charles Dean Hood case |

# Ardor in the court

When the judge and prosecutor involved in a capital case are sleeping together, can the defendant possibly get a fair trial? Meet Charles Dean Hood, on Texas' death row.

June 24, 2005 | Here's a not very tough question of legal ethics to ponder over the morning coffee: Let's say you're on trial for murder, and the judge and the prosecutor in your case have been having an affair. Is it possible for you to get a fair trial?

In the case of Charles Dean Hood, the short answer is, "Don't bet your life on it."

Hood, who was sentenced to death for a 1989 double murder, is scheduled to be executed by the state of Texas on June 30. Unfortunately for Hood, in the 15 years since he arrived on death row, the issue of the strange and not-so-secret relationship of State District Court Judge Verla Sue Holland and Collin County District Attorney Tom O'Connell has never been raised in a single state or federal court.

Now, it should be stated at the outset that the private affairs of public officials, including extra-marital relations, should under all but the most extraordinary circumstances remain solely the business of the parties involved.

But when a person is charged with a serious crime and his life hangs in the balance, such a private relationship may well become a matter of public interest, because the public has a right to know that the judicial process that prosecutors and judges swear to uphold will not be compromised.

Hood was convicted in August 1990 of the brutal murders of his boss Ronald Williamson, 46, and Williamson's girlfriend, Tracie Wallace, 26. Hood worked as Williamson's bodyguard. Both victims were shot at close range in the head. Hood's bloody fingerprints were found at the crime scene. Although Hood's trial left a welter of unanswered questions -- about a possible accomplice, the motive for the killings, Hood's mental state, and the quality of Hood's representation, to name just a few -- there is little doubt that the state could easily have won a conviction of Hood by assigning a prosecutor whose presence in the courthouse would not raise a question of unethical conduct.

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 28 of 100

**From:**      Gena Bunn
**To:**          Carla Eldred;  Tomee Heining
**Date:**       1/24/2007 1:17 PM
**Subject:**  Fwd: Victim Notification

FYI

>>> Karen Martin 1/24/2007 1:15 PM >>>
Hey Gena,

Due to the victim's parents in the Swearingen case being notified of the CCA's stay by a reporter yesterday, TDCJ, Victim Services and I are coming up with a new protocol.   Please let me know if this proposal is acceptable to you and please let me know if you have any suggestions:

Thanks,
Karen

ps:  Tom Jones e-mailed me yesterday, but I was gone for the day.  It turns out that myself and most of the TDCJ folks all get off work early, which is why we will be supplying cell phone, home phone and pager numbers as well.

Case 4:25-cr-02056   Document 13-1   Filed on 05/13/25 in TXSD   Page 29 of 100

**From:**     <Bridgette.Clay@tdcj.state.tx.us>
**To:**       <David.Stacks@tdcj.state.tx.us>, <edward.marshall@oag.state.tx.us>, <Jas...
**Date:**     5/1/2008 11:28 AM
**Subject:**    Fw: Scheduled Execution Update
**Attachments:**    999054 Sonnier,Derrick.doc; Scheduled Executions 2008.doc


Bridgette Clay
State Classification Committee Assistant
(936)437-6463 Phone
(936)730-1752 Fax
----- Forwarded by Bridgette Clay/Operations/TDCJ on 05/01/2008 11:25 AM
-----

      Bridgette
      Clay/Operations/T
      DCJ                      To
                  Execution
      05/01/2008 10:28             cc
      AM           Paul Wilder/Operations/TDCJ@TDCJ
                    Subject
          Scheduled Execution Update




(See attached file: 999054 Sonnier,Derrick.doc)(See attached file:
Scheduled Executions 2008.doc)


Bridgette Clay
State Classification Committee Assistant
(936)437-6463 Phone
(936)730-1752 Fax



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

May 1, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref: Sonnier, Derrick                    EXECUTION # 999054

Dear Governor Perry

Offender Derrick Sonnier was received by the Texas Department of Criminal Justice Institution Division on March 5, 1993 from Harris County under Cause number 648197. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Tuesday, the 3rd day of June 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Gena Bunn – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**Brad Livingston**
**Executive Director**



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

**Brad**

**Executive Director**

May 1, 2008                    **Schedule Execution List for 2008**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Scheduled Execution | Last Name | First Name | TDCJ Number | Date of Birth | Race | Date Received | County | Status |
|---|---|---|---|---|---|---|---|---|
| 01-17-2008 | WOODS | BOBBY | 999270 | 10-11-1965 | WHITE | 05-29-1998 | HOOD | Order Withdrawn 12-6-2007 |
| 01-24-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Withdrawn 10-03-2007 |
| 02-21-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | Order Withdrawn 1-31-2008 |
| 02-26-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Order Withdrawn 11-01-2007 |
| 06-03-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | |
| 06-17-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | |
| 07-22-2008 | BOWER | LESTER | 000764 | 11-20-1947 | WHITE | 05-10-1984 | GRAYSON | |
| 07-31-2008 | DAVIS | LARRY | 999316 | 10-09-1967 | BLACK | 06-11-1999 | POTTER | |
| 08-20-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | |

**From:** &lt;Bridgette.Clay@tdcj.state.tx.us&gt;
**To:** &lt;Execution@tdcj.state.tx.us&gt;, &lt;Beverly.Stewart@tdcj.state.tx.us&gt;
**CC:** &lt;Paul.Wilder@tdcj.state.tx.us&gt;
**Date:** 5/20/2008 7:22 PM
**Subject:** Scheduled Execution Update
**Attachments:** Scheduled Executions 2008.doc; 999413 Rodriguez, Michael.doc; 999253 Wright , Gregory.doc; 999321 Turner, Carlton.doc; 999456 Watts, Kevin.doc; 999134 Medellin, Jose.doc

(See attached file: Scheduled Executions 2008.doc)(See attached file: 999413 Rodriguez, Michael.doc)(See attached file: 999253 Wright, Gregory.doc)(See attached file: 999321 Turner, Carlton.doc)(See attached file: 999456 Watts, Kevin.doc)(See attached file: 999134 Medellin, Jose.doc)

Bridgette Clay
State Classification Committee Assistant
(936)437-6463 Phone
(936)730-1752 Fax



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

May 20, 2008                    **Schedule Execution List for 2008**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Scheduled Execution | Last Name | First Name | TDCJ Number | Date of Birth | Race | Date Received | County | Status |
|---|---|---|---|---|---|---|---|---|
| 01-17-2008 | WOODS | BOBBY | 999270 | 10-11-1965 | WHITE | 05-29-1998 | HOOD | Order Withdrawn 12-6-2007 |
| 01-24-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Withdrawn 10-03-2007 |
| 02-21-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | Order Withdrawn 1-31-2008 |
| 02-26-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Order Withdrawn 11-01-2007 |
| 06-03-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | |
| 06-17-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | |
| 07-10-2008 | TURNER | CARLTON | 999321 | 07-04-1979 | BLACK | 07-07-1999 | DALLAS | |
| 07-22-2008 | BOWER | LESTER | 000764 | 11-20-1947 | WHITE | 05-10-1984 | GRAYSON | |
| 07-31-2008 | DAVIS | LARRY | 999316 | 10-09-1967 | BLACK | 06-11-1999 | POTTER | |
| 08-05-2008 | MEDELLIN | JOSE | 999134 | 03-04-1975 | HISPANIC | 01-06-1995 | HARRIS | |
| 08-14-2008 | RODRIGUEZ | MICHAEL | 999413 | 10-29-1962 | HISPANIC | 05-09-2002 | DALLAS | |
| 08-20-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | |
| 09-09-2008 | WRIGHT | GREGORY | 999253 | 11-01-1965 | WHITE | 02-05-1998 | DALLAS | |
| 10-16-2008 | WATTS | KEVIN | 999456 | 01-18-1991 | BLACK | 09-04-2003 | BEXAR | |



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

May 20, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:    Rodriguez, Michael Anthony                    EXECUTION # 999413

Dear Governor Perry

Offender Michael Anthony Rodriguez was received by the Texas Department of Criminal Justice Institution Division on May 9, 2002 from Dallas County under Cause number F01-00326-T. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 14th day of August 2008."

Sincerely,

Joni M White

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

May 20, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:    Wright, Gregory Edward                    EXECUTION # 999253

Dear Governor Perry

Offender Gregory Edward Wright was received by the Texas Department of Criminal Justice Institution Division on February 5, 1998 from Dallas County under Cause number F-9701215-FJ. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Tuesday, the 9th day of September 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**Brad Livingston**
**Executive Director**

June 8, 2007

**The Honorable Rick Perry**
**Governor of the State of Texas**
**Attn: General Counsel**
**Capitol Station**
**Austin, Texas 78711**

Ref:  Turner, Carlton Aker                  EXECUTION # 999321

Dear Governor Perry

Offender Carlton Aker Turner was received by the Texas Department of Criminal Justice Institution Division on July 7, 1999 from Dallas County under Cause number F-9900220-MS. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 27th day of September 2007."

Sincerely,

*Larry D. LeFlor*

Larry Leflore, Chairman
Classification and Records

LL/bac

cc:
Brad Livingston –Executive Director of TDCJ
Ed Owens - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Gena Bunn – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**Brad Livingston**
**Executive Director**

May 20, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:    Watts, Kevin                     EXECUTION # 999456

Dear Governor Perry

Offender Kevin Watts was received by the Texas Department of Criminal Justice Institution Division on September 4, 2003 from Bexar County under Cause number 2002-CR-3470. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 16th day of October 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

May 20, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:    Medellin, Jose Ernesto                EXECUTION # 999134

Dear Governor Perry

Offender Jose Ernesto Medellin was received by the Texas Department of Criminal Justice Institution Division on January 6, 1995 from Harris County under Cause number 675430. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Tuesday, the 5th day of August 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 44 of 100

**From:**        <Bridgette.Clay@tdcj.state.tx.us>
**To:**          <Execution@tdcj.state.tx.us>
**CC:**          <Paul.Wilder@tdcj.state.tx.us>
**Date:**        5/21/2008 2:48 PM
**Subject:**     Scheduled Execution Update
**Attachments:** 999335 Ries, Joseph.doc; Scheduled Executions 2008.doc; 999321 Turner, Carlton.doc; 999456 Watts, Kevin.doc

(See attached file: 999335 Ries, Joseph.doc)(See attached file: Scheduled Executions 2008.doc)

(See attached file: 999321 Turner, Carlton.doc)(See attached file: 999456 Watts, Kevin.doc)

Bridgette Clay
State Classification Committee Assistant
(936)437-6463 Phone
(936)730-1752 Fax



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

May 21, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:    Ries, Joseph Ray                          EXECUTION # 999335

Dear Governor Perry

Offender Joseph Ray Ries was received by the Texas Department of Criminal Justice Institution Division on         November 29, 1999 from Hopkins County under Cause number 9915367. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 18th day of September 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

May 21, 2008                **Schedule Execution List for 2008**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Scheduled Execution | Last Name | First Name | TDCJ Number | Date of Birth | Race | Date Received | County | Status |
|---|---|---|---|---|---|---|---|---|
| 01-17-2008 | WOODS | BOBBY | 999270 | 10-11-1965 | WHITE | 05-29-1998 | HOOD | Order Withdrawn 12-6-2007 |
| 01-24-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Withdrawn 10-03-2007 |
| 02-21-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | Order Withdrawn 1-31-2008 |
| 02-26-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Order Withdrawn 11-01-2007 |
| 06-03-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | |
| 06-17-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | |
| 07-10-2008 | TURNER | CARLTON | 999321 | 07-04-1979 | BLACK | 07-07-1999 | DALLAS | |
| 07-22-2008 | BOWER | LESTER | 000764 | 11-20-1947 | WHITE | 05-10-1984 | GRAYSON | |
| 07-31-2008 | DAVIS | LARRY | 999316 | 10-09-1967 | BLACK | 06-11-1999 | POTTER | |
| 08-05-2008 | MEDELLIN | JOSE | 999134 | 03-04-1975 | HISPANIC | 01-06-1995 | HARRIS | |
| 08-14-2008 | RODRIGUEZ | MICHAEL | 999413 | 10-29-1962 | HISPANIC | 05-09-2002 | DALLAS | |
| 08-20-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | |
| 09-09-2008 | WRIGHT | GREGORY | 999253 | 11-01-1965 | WHITE | 02-05-1998 | DALLAS | |
| 09-18-2008 | RIES | JOSEPH | 999335 | 09-18-1979 | WHITE | 11-29-1999 | HOPKINS | |
| 10-16-2008 | WATTS | KEVIN | 999456 | 01-18-1991 | BLACK | 09-04-2003 | BEXAR | |

Case 4:25-cv-02066   Document 13-1   Filed on 05/13/25 in TXSD   Page 48 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

May 20, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:    Turner, Carlton Akee          EXECUTION # 999321

Dear Governor Perry

Offender Carlton Akee Turner was received by the Texas Department of Criminal Justice Institution Division on July 7, 1999 from Dallas County under Cause number F-9900220-MS. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 10th day of July 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

May 20, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:     Watts, Kevin                    EXECUTION # 999456

Dear Governor Perry

Offender Kevin Watts was received by the Texas Department of Criminal Justice Institution Division on September 4, 2003 from Bexar County under Cause number 2002-CR-3470. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 16th day of October 2008."

Sincerely,

Joni M White

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

Case 4:25-cv-02065    Document 13-1    Filed on 05/12/25 in TXSD    Page 52 of 100

**From:**      <Bridgette.Clay@tdcj.state.tx.us>
**To:**        <Execution@tdcj.state.tx.us>
**Date:**     6/4/2008 11:23 AM
**Subject:**   Stay of Execution on Sonnier, Derrick TDCJ# 999054
**Attachments:**   999054 Sonnier, Derrick.doc; Scheduled Executions 2008.doc

(See attached file: 999054 Sonnier, Derrick.doc)(See attached file:
Scheduled Executions 2008.doc)

Bridgette Clay
State Classification Committee Assistant
(936)437-6463 Phone
(936)730-1752 Fax



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box 99 • Huntsville, Texas 77342-0099

Brad Livingston
Executive Director

June 4, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:  Sonnier, Derrick          EXECUTION # 999054

Dear Governor Perry,

Offender Derrick Sonnier was received by the Texas Department of Criminal Justice Institution Division on March 5, 1993 from Harris County under Cause number 648197. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order from the Court of Criminal Appeals granting Stay of Execution dated June 3, 2008. The offender has been granted a Stay of Execution pending further orders by the court. The offender's original execution date was scheduled for "some time after the hour of 6:00 p.m. on Tuesday, the 3rd day of June 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman– Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 54 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box 99 • Huntsville, Texas 77342-0099

**Brad Livingston**
**Executive Director**



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

**Brad**

**Executive Director**

June 4, 2008          <u>**Schedule Execution List for 2008**</u>

<u>**Note:**</u> The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Scheduled Execution | Last Name | First Name | TDCJ Number | Date of Birth | Race | Date Received | County | Status |
|---|---|---|---|---|---|---|---|---|
| 01-17-2008 | WOODS | BOBBY | 999270 | 10-11-1965 | WHITE | 05-29-1998 | HOOD | Order Withdrawn 12-6-2007 |
| 01-24-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Withdrawn 10-03-2007 |
| 02-21-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | Order Withdrawn 1-31-2008 |
| 02-26-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Order Withdrawn 11-01-2007 |
| 06-03-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Rec'd Stay on 06-03-08 |
| 06-11-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | |
| 06-17-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | |
| 07-10-2008 | TURNER | CARLTON | 999321 | 07-04-1979 | BLACK | 07-07-1999 | DALLAS | |
| 07-22-2008 | BOWER | LESTER | 000764 | 11-20-1947 | WHITE | 05-10-1984 | GRAYSON | |
| 07-31-2008 | DAVIS | LARRY | 999316 | 10-09-1967 | BLACK | 06-11-1999 | POTTER | |
| 08-05-2008 | MEDELLIN | JOSE | 999134 | 03-04-1975 | HISPANIC | 01-06-1995 | HARRIS | |
| 08-12-2008 | DORSEY | LEON | 999359 | 11-11-1975 | BLACK | 08-03-1995 | DALLAS | |
| 08-14-2008 | RODRIGUEZ | MICHAEL | 999413 | 10-29-1962 | HISPANIC | 05-09-2002 | DALLAS | |
| 08-20-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | |
| 08-21-2008 | WOOD | JEFFERY | 999256 | 08-19-1973 | WHITE | 03-03-1998 | BANDERA | |
| 09-09-2008 | WRIGHT | GREGORY | 999253 | 11-01-1965 | WHITE | 02-05-1998 | DALLAS | |



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

---

June 4, 2008  <u>**Schedule Execution List for 2008**</u>

<u>**Note:**</u> The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| 09-18-2008 | RIES | JOSEPH | 999335 | 09-18-1979 | WHITE | 11-29-1999 | HOPKINS | |
| 10-16-2008 | WATTS | KEVIN | 999456 | 01-18-1991 | BLACK | 09-04-2003 | BEXAR | |

Case 4:25-cv-02066   Document 13-1   Filed on 05/13/25 in TXSD   Page 57 of 100

| | |
|---|---|
| **From:** | <Bridgette.Clay@tdcj.state.tx.us> |
| **To:** | <Execution@tdcj.state.tx.us>, <Kelly.Enloe@tdcj.state.tx.us> |
| **CC:** | <Paul.Wilder@tdcj.state.tx.us> |
| **Date:** | 7/24/2008 12:43 PM |
| **Subject:** | Scheduled Execution Update |
| **Attachments:** | Scheduled Executions 2008.doc; 000982 Hood,Charles.doc; 999112 Taylor, Elkie.doc |

(See attached file: Scheduled Executions 2008.doc)

(See attached file: 000982 Hood,Charles.doc)(See attached file: 999112
Taylor, Elkie.doc)

Thanks
Bridgette Clay
State Classification Committee Assistant
(936)437-6463 Phone
(936)730-1752 Fax

Case 4:25-cv-02066   Document 13-1   Filed on 05/13/25 in TXSD   Page 58 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

July 24, 2008                    **Schedule Execution List for 2008**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Scheduled Execution | Last Name | First Name | TDCJ Number | Date of Birth | Race | Date Received | County | Status |
|---|---|---|---|---|---|---|---|---|
| 01-17-2008 | WOODS | BOBBY | 999270 | 10-11-1965 | WHITE | 05-29-1998 | HOOD | Order Withdrawn 12-6-2007 |
| 01-24-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Withdrawn 10-03-2007 |
| 02-21-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | Order Withdrawn 1-31-2008 |
| 02-26-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Order Withdrawn 11-01-2007 |
| 06-03-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Rec'd Stay on 06-03-08 |
| 06-11-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | EXECUTED 6-11-2008 |
| 06-17-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | Modified on 06-17-2008 |
| 07-10-2008 | TURNER | CARLTON | 999321 | 07-04-1979 | BLACK | 07-07-1999 | DALLAS | Executed 07-10-08 |
| 07-22-2008 | BOWER | LESTER | 000764 | 11-20-1947 | WHITE | 05-10-1984 | GRAYSON | Order Withdrawn 07-01-08 |
| 07-23-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | EXECUTED 07-23-08 |
| 07-31-2008 | DAVIS | LARRY | 999316 | 10-09-1967 | BLACK | 06-11-1999 | POTTER | |
| 08-05-2008 | MEDELLIN | JOSE | 999134 | 03-04-1975 | HISPANIC | 01-06-1995 | HARRIS | |
| 08-07-2008 | CHI | Heliberto | 999437 | 12-20-1978 | HISPANIC | 11-21-2002 | TARRANT | |
| 08-12-2008 | DORSEY | LEON | 999359 | 11-11-1975 | BLACK | 08-03-1995 | DALLAS | |
| 08-14-2008 | RODRIGUEZ | MICHAEL | 999413 | 10-29-1962 | HISPANIC | 05-09-2002 | DALLAS | |
| 08-20-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | |



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

July 24, 2008                    **Schedule Execution List for 2008**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 08-21-2008 | WOOD | JEFFERY | 999256 | 08-19-1973 | WHITE | 03-03-1998 | BANDERA | |
| 09-09-2008 | WRIGHT | GREGORY | 999253 | 11-01-1965 | WHITE | 02-05-1998 | DALLAS | |
| 09-10-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | |
| 09-17-2008 | MURRAY | WILLIAM | 999313 | 02-13-1969 | WHITE | 06-10-2000 | KAUFMAN | |
| 09-18-2008 | RIES | JOSEPH | 999335 | 09-18-1979 | WHITE | 11-29-1999 | HOPKINS | |
| 10-16-2008 | WATTS | KEVIN | 999456 | 01-18-1991 | BLACK | 09-04-2003 | BEXAR | |
| 10-28-2008 | NENNO | ERIC | 999188 | 04-13-1961 | WHITE | 05-03-1996 | HARRIS | |
| 11-06-2008 | TAYLOR | ELKIE | 999112 | 12-14-1961 | BLACK | 07-26-1994 | TARRANT | |

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 60 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

July 24, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:  Hood, Charles Dean                    EXECUTION # 000982

Dear Governor Perry

Offender Charles Dean Hood was received by the Texas Department of Criminal Justice Institution Division on      September 11, 1990 from Collin County under Cause number 296-80233-90. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Wednesday, the 10th day of September 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

July 24, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref: Taylor, Elkie Lee        EXECUTION # 999112

Dear Governor Perry

Offender Elkie Lee Taylor was received by the Texas Department of Criminal Justice Institution Division on July 26, 1994 from Tarrant County under Cause number 0542281AR. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 6th day of November 2008."

Sincerely,

Joni M White

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 63 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

| **From:** | <Bridgette.Clay@tdcj.state.tx.us> |
| **To:** | <Execution@tdcj.state.tx.us> |
| **CC:** | <Paul.Wilder@tdcj.state.tx.us> |
| **Date:** | 8/16/2008 10:11 AM |
| **Subject:** | Scheduled Execution Update |
| **Attachments:** | Scheduled Executions 2008.doc; 999245 Cannady, Rogelio.doc; 999407 Perkins, Reginald.doc; 999405 Manns, Denard.doc; 999196 Whitaker, George H. III.doc ; 999353 Hudson, Robert Jean.doc |

(See attached file: Scheduled Executions 2008.doc)

(See attached file: 999245 Cannady, Rogelio.doc)(See attached file: 999407 Perkins, Reginald.doc)(See attached file: 999405 Manns, Denard.doc)(See attached file: 999196 Whitaker, George H. III.doc)(See attached file: 999353 Hudson, Robert Jean.doc)

Bridgette Clay
State Classification Committee Assistant
(936)437-6463 Phone
(936)730-1752 Fax

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 65 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

August 16, 2008                **Schedule Execution List for 2008**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Scheduled Execution | Last Name | First Name | TDCJ Number | Date of Birth | Race | Date Received | County | Status |
|---|---|---|---|---|---|---|---|---|
| 01-17-2008 | WOODS | BOBBY | 999270 | 10-11-1965 | WHITE | 05-29-1998 | HOOD | Order Withdrawn 12-6-2007 |
| 01-24-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Withdrawn 10-03-2007 |
| 02-21-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | Order Withdrawn 1-31-2008 |
| 02-26-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Order Withdrawn 11-01-2007 |
| 06-03-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Rec'd Stay on 06-03-08 |
| 06-11-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | EXECUTED 6-11-2008 |
| 06-17-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | Modified on 06-17-2008 |
| 07-10-2008 | TURNER | CARLTON | 999321 | 07-04-1979 | BLACK | 07-07-1999 | DALLAS | Executed 07-10-08 |
| 07-22-2008 | BOWER | LESTER | 000764 | 11-20-1947 | WHITE | 05-10-1984 | GRAYSON | Order Withdrawn 07-01-08 |
| 07-23-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | EXECUTED 07-23-08 |
| 07-31-2008 | DAVIS | LARRY | 999316 | 10-09-1967 | BLACK | 06-11-1999 | POTTER | EXECUTED 07-31-08 |
| 08-05-2008 | MEDELLIN | JOSE | 999134 | 03-04-1975 | HISPANIC | 01-06-1995 | HARRIS | EXECUTED 08-05-08 |
| 08-07-2008 | CHI | Heliberto | 999437 | 12-20-1978 | HISPANIC | 11-21-2002 | TARRANT | EXECUTED 08-07-08 |
| 08-12-2008 | DORSEY | LEON | 999359 | 11-11-1975 | BLACK | 08-03-1995 | DALLAS | EXECUTED 08-12-08 |
| 08-14-2008 | RODRIGUEZ | MICHAEL | 999413 | 10-29-1962 | HISPANIC | 05-09-2002 | DALLAS | EXECUTED 08-14-08 |



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

August 16, 2008         **Schedule Execution List for 2008**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Date | Last | First | Number | DOB | Race | Offense Date | County | Notes |
|---|---|---|---|---|---|---|---|---|
| 08-20-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Modified 08-13-08 |
| 08-21-2008 | WOOD | JEFFERY | 999256 | 08-19-1973 | WHITE | 03-03-1998 | BANDERA | |
| 09-09-2008 | WRIGHT | GREGORY | 999253 | 11-01-1965 | WHITE | 02-05-1998 | DALLAS | |
| 09-10-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | |
| 09-17-2008 | MURRAY | WILLIAM | 999313 | 02-13-1969 | WHITE | 06-10-2000 | KAUFMAN | |
| 09-18-2008 | RIES | JOSEPH | 999335 | 09-18-1979 | WHITE | 11-29-1999 | HOPKINS | |
| 10-16-2008 | WATTS | KEVIN | 999456 | 01-18-1991 | BLACK | 09-04-2003 | BEXAR | |
| 10-28-2008 | NENNO | ERIC | 999188 | 04-13-1961 | WHITE | 05-03-1996 | HARRIS | |
| 11-06-2008 | TAYLOR | ELKIE | 999112 | 12-14-1961 | BLACK | 07-26-1994 | TARRANT | |
| 11-06-2008 | CANNADY | ROGELIO | 999245 | 05-29-1972 | HISPANIC | 12-05-1997 | BEE | |
| 11-12-2008 | WHITAKER | GEORGE | 999196 | 11-21-1971 | BLACK | 06-14-1996 | HARRIS | |
| 11-13-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | |
| 11-20-2008 | HUDSON | ROBERT | 999353 | 03-04-1963 | BLACK | 04-06-2000 | DALLAS | |
| 01-22-2009 | PERKINS | REGINALD | 999407 | 04-29-1955 | BLACK | 03-22-2002 | TARRANT | |

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 67 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**Brad Livingston**
**Executive Director**

August 16, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:   Cannady, Rogelio                    EXECUTION # 999245

Dear Governor Perry

Offender Rogelio Cannady was received by the Texas Department of Criminal Justice Institution Division on December 5, 1997 from Bee County under Cause number B-94-M004-0-PR-B. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 6th day of November 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 69 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

August 16, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref: Perkins, Reginald          EXECUTION # 999407

Dear Governor Perry

Offender Reginald Perkins was received by the Texas Department of Criminal Justice Institution Division on March 22, 2002 from Tarrant County under Cause number 0790106D. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 22nd day of January 2009."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file

Case 4:25-cv-02066   Document 13-1   Filed on 05/13/25 in TXSD   Page 70 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

**Brad Livingston**
**Executive Director**



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box  99 • Huntsville, Texas 77342-0099

Brad Livingston
Executive Director

August 16, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:  Manns, Denard                          EXECUTION # 999405

Dear Governor Perry,

Offender  was received by the Texas Department of Criminal Justice Institution Division on August 15, 2008 from Bell County under Cause number 50,535. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order modifying the date of execution in this case. Under the provisions of this order, the date of execution was scheduled for "some time after the hour of 6:00 p.m. on August 20, 2008 has been changed to "some time after the hour of 6:00p.m. on Thursday, the 13th day of November 2008 ."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman– Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

<div align="right">

**Brad Livingston**
**Executive Director**

</div>

August 16, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:  Whitaker, George H. III                    EXECUTION # 999196

Dear Governor Perry

Offender George H. Whitaker III, was received by the Texas Department of Criminal Justice Institution Division on        June 14, 1996 from Harris County under Cause number 9424545. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Wednesday, the 12th day of November 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file

Case 4:25-cv-02066   Document 13-1   Filed on 05/13/25 in TXSD   Page 73 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

---

August 16, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:  Hudson, Robert Jean                    EXECUTION # 999353

Dear Governor Perry

Offender Robert Hudson was received by the Texas Department of Criminal Justice Institution Division on April 6, 2000 from Dallas County under Cause number F-9936815-R. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Thursday, the 20th day of November 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

**From:**         <Bridgette.Clay@tdcj.state.tx.us>
**To:**           <Execution@tdcj.state.tx.us>
**CC:**           <Paul.Wilder@tdcj.state.tx.us>
**Date:**         8/21/2008 7:15 PM
**Subject:**      Scheduled Execution Update
**Attachments:**  Scheduled Executions 2008.doc; 999228 Cathey, Eric.doc


(See attached file: Scheduled Executions 2008.doc)(See attached file:
999228 Cathey, Eric.doc)


Bridgette Clay
State Classification Committee Assistant
(936)437-6463 Phone
(936)730-1752 Fax

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 77 of 100



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

---

August 21, 2008                    **Schedule Execution List for 2008/2009**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Scheduled Execution | Last Name | First Name | TDCJ Number | Date of Birth | Race | Date Received | County | Status |
|---|---|---|---|---|---|---|---|---|
| 01-17-2008 | WOODS | BOBBY | 999270 | 10-11-1965 | WHITE | 05-29-1998 | HOOD | Order Withdrawn 12-6-2007 |
| 01-24-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Withdrawn 10-03-2007 |
| 02-21-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | Order Withdrawn 1-31-2008 |
| 02-26-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Order Withdrawn 11-01-2007 |
| 06-03-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Rec'd Stay on 06-03-08 |
| 06-11-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | EXECUTED 6-11-2008 |
| 06-17-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | Modified on 06-17-2008 |
| 07-10-2008 | TURNER | CARLTON | 999321 | 07-04-1979 | BLACK | 07-07-1999 | DALLAS | Executed 07-10-08 |
| 07-22-2008 | BOWER | LESTER | 000764 | 11-20-1947 | WHITE | 05-10-1984 | GRAYSON | Order Withdrawn 07-01-08 |
| 07-23-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | EXECUTED 07-23-08 |
| 07-31-2008 | DAVIS | LARRY | 999316 | 10-09-1967 | BLACK | 06-11-1999 | POTTER | EXECUTED 07-31-08 |
| 08-05-2008 | MEDELLIN | JOSE | 999134 | 03-04-1975 | HISPANIC | 01-06-1995 | HARRIS | EXECUTED 08-05-08 |
| 08-07-2008 | CHI | Heliberto | 999437 | 12-20-1978 | HISPANIC | 11-21-2002 | TARRANT | EXECUTED 08-07-08 |
| 08-12-2008 | DORSEY | LEON | 999359 | 11-11-1975 | BLACK | 08-03-1995 | DALLAS | EXECUTED 08-12-08 |
| 08-14-2008 | RODRIGUEZ | MICHAEL | 999413 | 10-29-1962 | HISPANIC | 05-09-2002 | DALLAS | EXECUTED 08-14-08 |

(10/13/2008) Edward Marshall - Scheduled Executions 2008.doc

Page 2



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

**Brad**

**Executive Director**

---

August 21, 2008 | **Schedule Execution List for 2008/2009**

**Note:** The following list includes only those offender's whose certified original death warrants have been received by the Classification and Records Department.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 08-20-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Modified 08-13-08 |
| 08-21-2008 | WOOD | JEFFERY | 999256 | 08-19-1973 | WHITE | 03-03-1998 | BANDERA | Rec'd Stay on 08-21-08 |
| 09-09-2008 | WRIGHT | GREGORY | 999253 | 11-01-1965 | WHITE | 02-05-1998 | DALLAS | |
| 09-10-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | |
| 09-17-2008 | MURRAY | WILLIAM | 999313 | 02-13-1969 | WHITE | 06-10-2000 | KAUFMAN | |
| 09-18-2008 | RIES | JOSEPH | 999335 | 09-18-1979 | WHITE | 11-29-1999 | HOPKINS | |
| 10-16-2008 | WATTS | KEVIN | 999456 | 01-18-1991 | BLACK | 09-04-2003 | BEXAR | |
| 10-28-2008 | NENNO | ERIC | 999188 | 04-13-1961 | WHITE | 05-03-1996 | HARRIS | |
| 11-06-2008 | TAYLOR | ELKIE | 999112 | 12-14-1961 | BLACK | 07-26-1994 | TARRANT | |
| 11-06-2008 | CANNADY | ROGELIO | 999245 | 05-29-1972 | HISPANIC | 12-05-1997 | BEE | |
| 11-12-2008 | WHITAKER | GEORGE | 999196 | 11-21-1971 | BLACK | 06-14-1996 | HARRIS | |
| 11-13-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | |
| 11-18-2008 | CATHEY | ERIC | 999228 | 07-29-1971 | BLACK | 07-29-1997 | HARRIS | |
| 11-20-2008 | HUDSON | ROBERT | 999353 | 03-04-1963 | BLACK | 04-06-2000 | DALLAS | |
| 01-22-2009 | PERKINS | REGINALD | 999407 | 04-29-1955 | BLACK | 03-22-2002 | TARRANT | |



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

August 21, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:   Cathey, Eric Dewayne                    EXECUTION # 999228

Dear Governor Perry

Offender Eric Dewayne Cathey was received by the Texas Department of Criminal Justice Institution Division on April 29, 1997 from Harris County under Cause number 713189. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Tuesday, the 18th day of November 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

**Georgette Oden - Jose Briseno**

| | |
|---|---|
| **From:** | "Richard Burr" ~~███████████~~ |
| **To:** | "Georgette Oden" <Georgette.Oden@oag.state.tx.us> |
| **Date:** | 9/3/2008 11:17 AM |
| **Subject:** | Jose Briseno |

Hey, Georgette.  I have two favors to ask of you in connection with Mr. Briseno's case.

First, the cert petition is due 9/16.  I need a little more time – 15 days – and am hoping you will not oppose.  With an execution date of 1/15, this still should allow plenty of time, even if you need some extra time for the BIO.

Second, I need a copy of the order setting the execution date.  I was not served, at least not yet.  I assume you have a copy and would be grateful if you could email it to me.

Thanks.

Dick

**From:**      "Don Vernay" ████████████████
**To:**         "'Erich Dryden'" <Erich.Dryden@oag.state.tx.us>
**Date:**      9/15/2008 2:42 PM
**Subject:**    RE: Don, did you get an opportunity to talk to Judge Bass about  setting the execution
date in Martinez?  If so, what did he    say?  Thanks.

I tried to reach him after I got back from Alaska and he was away on
vacation or something, and I am sorry to say it slipped through the cracks
and I forgot to get back to him. I will try him again today.

DV

-----Original Message-----
From: Erich Dryden [mailto:Erich.Dryden@oag.state.tx.us]
Sent: Monday, September 15, 2008 1:35 PM
To: Don Vernay
Subject: Don, did you get an opportunity to talk to Judge Bass about setting
the execution date in Martinez? If so, what did he say? Thanks.

Don, did you get an opportunity to talk to Judge Bass about setting the
execution date in Martinez?  If so, what did he say?  Thanks.

Erich

Case 4:25-cv-02066    Document 13-1    Filed on 05/13/25 in TXSD    Page 83 of 100

**From:**          <Bridgette.Clay@tdcj.state.tx.us>
**To:**            <Execution@tdcj.state.tx.us>
**CC:**            <Paul.Wilder@tdcj.state.tx.us>
**Date:**          9/22/2008 6:18 PM
**Subject:**       Scheduled Execution Update
**Attachments:**   000982 hood, charles.doc; 999012 Kelly, Alvin.doc; 999253 Wright, Gregory.d
                   oc; 999335 Ries, Joseph.doc; 999245 Cannady, Rogelio.doc; 999404 Martinez,
                   James Edward.doc; 999173 Martinez, David.doc; 999212 Moore, Curtis.doc; Sch
                   eduled Executions 2008.doc

(See attached file: 000982 hood, charles.doc)(See attached file: 999012
Kelly, Alvin.doc)(See attached file: 999253 Wright, Gregory.doc)(See
attached file: 999335 Ries, Joseph.doc)(See attached file: 999245 Cannady,
Rogelio.doc)(See attached file: 999404 Martinez, James Edward.doc)(See
attached file: 999173 Martinez, David.doc)
(See attached file: 999212 Moore, Curtis.doc)(See attached file: Scheduled
Executions 2008.doc)


Bridgette Clay
State Classification Committee Assistant
(936)437-6463 Phone
(936)730-1752 Fax



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box 99 • Huntsville, Texas 77342-0099

Brad Livingston
Executive Director

September 9, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:  Hood, Charles Dean                    EXECUTION # 000982

Dear Governor Perry,

Offender Charles Hood was received by the Texas Department of Criminal Justice Institution Division on September 11, 1990 from Collin County under Cause number 296-80233-90. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order from the Court of Criminal Appeals granting Stay of Execution dated September 9, 2008. The offender has been granted a Stay of Execution pending further orders by the court. The offender's original execution date was scheduled for "some time after the hour of 6:00 p.m. on September 10, 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman– Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box 99 • Huntsville, Texas 77342-0099

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

---

September 22, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref: Kelly, Alvin Andrew                    EXECUTION # 999012

Dear Governor Perry

Offender Alvin Kelly was received by the Texas Department of Criminal Justice Institution Division on August 14, 1991 from Gregg County under Cause number 18693B. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Tuesday, the 14th day of October 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box 99 • Huntsville, Texas 77342-0099

Brad Livingston
Executive Director

September 22, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref: Wright, Gregory Edward              EXECUTION # 999253

Dear Governor Perry,

Offender Gregory Wright was received by the Texas Department of Criminal Justice Institution Division on February 5, 1998 from Dallas County under Cause number F-9701215-FJ. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order modifying the date of execution in this case. Under the provisions of this order, the date of execution was scheduled for September 9, 2008 has been changed to "some time after the hour of 6:00p.m. on October 30, 2008."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac


cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman– Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box 99 • Huntsville, Texas 77342-0099

Brad Livingston
Executive Director

September 22, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:  Ries, Joseph Ray                    EXECUTION # 999335

Dear Governor Perry,

Offender Joseph Ries was received by the Texas Department of Criminal Justice Institution Division on November 29, 1999 from Hopkins County under Cause number 9915367. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order modifying the date of execution in this case. Under the provisions of this order, the date of execution was scheduled for September 18, 2008 has been changed to "some time after the hour of 6:00p.m. on Tuesday, the 21ˢᵗ day of October 2008.."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman– Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

P.O. Box 99 • Huntsville, Texas 77342-0099

Brad Livingston
Executive Director

September 22, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:    Cannady, Rogelio         EXECUTION # 999245

Dear Governor Perry,

Offender Rogelio Cannady was received by the Texas Department of Criminal Justice Institution Division on December 5, 1997 from Bee County under Cause number B-94-M004-0-PR-B. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order withdrawing the date of execution in this case from the 156th District Court of Bee County. Under the provisions of this order, the date of execution was scheduled for "some time after the hour of 6:00 p.m. on November 6th, 2008 has been withdrawn and setting subsequent date for "sometime after the hour of 6:00 p.m. on Wednesday, the 19th day of November 2008.

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman– Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

September 22, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:    Martinez, James Edward                    EXECUTION # 999404

Dear Governor Perry

Offender James Martinez was received by the Texas Department of Criminal Justice Institution Division on February 13, 2002 from Tarrant County under Cause number 0784244D. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Tuesday, the 10th day of March 2009."

Sincerely,

Joni M White

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

---

September 22, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:    Martinez, David         EXECUTION # 999173

Dear Governor Perry

Offender David Martinez was received by the Texas Department of Criminal Justice Institution Division on December 8, 1995 from Bexar County under Cause number 94CR5818. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Wednesday, the 4th day of February 2009."

Sincerely,

*Joni M White*

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

September 22, 2008

The Honorable Rick Perry
Governor of the State of Texas
Attn: General Counsel
Capitol Station
Austin, Texas 78711

Ref:     Moore, Curtis          EXECUTION # 999212

Dear Governor Perry

Offender Curtis Moore was received by the Texas Department of Criminal Justice Institution Division on November 26, 1996 from Tarrant County under Cause number 0631559AR. The offender was received under the penalty of DEATH for the offense of CAPITAL MURDER.

We have received an order setting a date of execution in this case. Under the provisions of that order the date of execution is set for "some time after the hour of 6:00p.m. on Wednesday, the 14th day of January 2009."

Sincerely,

Joni M White

Joni M. White, Assistant Director
Classification and Records

JMW/bac

cc:
Brad Livingston –Executive Director of TDCJ
Bryan Collier - Deputy Executive Director TDCJ
Nathaniel Quarterman – Director TDCJ-CID
Charles O'Reilly - Warden Huntsville Unit
Tim Simmons - Warden Polunsky Unit
Lynda Strait – General Counsel
Michelle Lyons – Director Public Information Office
Edward Marshall – OAG Post Litigation Division
Edward Marty – General Counsel, Court of Criminal Appeals
Phillip Doughty – Huntsville Regional IPO Supervisor
Maria Ramirez - Supervisor of Executive Clemency
file



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Brad Livingston
Executive Director

·(10/13/2008) Edward Marshall - Scheduled Executions-2008.doc



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

September 22, 2008          **Schedule Execution List for 2008/2009**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Scheduled Execution | Last Name | First Name | TDCJ Number | Date of Birth | Race | Date Received | County | Status |
|---|---|---|---|---|---|---|---|---|
| 01-17-2008 | WOODS | BOBBY | 999270 | 10-11-1965 | WHITE | 05-29-1998 | HOOD | Order Withdrawn 12-6-2007 |
| 01-24-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Withdrawn 10-03-2007 |
| 02-21-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | Order Withdrawn 1-31-2008 |
| 02-26-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Order Withdrawn 11-01-2007 |
| 06-03-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | Rec'd Stay on 06-03-08 |
| 06-11-2008 | CHAMBERLAIN | KARL | 999241 | 06-20-1970 | WHITE | 09-25-1997 | DALLAS | EXECUTED 6-11-2008 |
| | | | | | | | | |
| 06-17-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | Modified on 06-17-2008 |
| 07-10-2008 | TURNER | CARLTON | 999321 | 07-04-1979 | BLACK | 07-07-1999 | DALLAS | Executed 07-10-08 |
| 07-22-2008 | BOWER | LESTER | 000764 | 11-20-1947 | WHITE | 05-10-1984 | GRAYSON | Order Withdrawn 07-01-08 |
| 07-23-2008 | SONNIER | DERRICK | 999054 | 10-26-1967 | BLACK | 03-05-1993 | HARRIS | EXECUTED 07-23-08 |
| 07-31-2008 | DAVIS | LARRY | 999316 | 10-09-1967 | BLACK | 06-11-1999 | POTTER | EXECUTED 07-31-08 |
| 08-05-2008 | MEDELLIN | JOSE | 999134 | 03-04-1975 | HISPANIC | 01-06-1995 | HARRIS | EXECUTED 08-05-08 |
| 08-07-2008 | CHI | Heliberto | 999437 | 12-20-1978 | HISPANIC | 11-21-2002 | TARRANT | EXECUTED 08-07-08 |
| 08-12-2008 | DORSEY | LEON | 999359 | 11-11-1975 | BLACK | 08-03-1995 | DALLAS | EXECUTED 08-12-08 |
| 08-14-2008 | RODRIGUEZ | MICHAEL | 999413 | 10-29-1962 | HISPANIC | 05-09-2002 | DALLAS | EXECUTED 08-14-08 |



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

September 22, 2008

### Schedule Execution List for 2008/2009

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| Date | Last | First | Number | DOB | Race | Offense | County | Status |
|---|---|---|---|---|---|---|---|---|
| 08-20-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | Order Modified 08-13-08 |
| 08-21-2008 | WOOD | JEFFERY | 999256 | 08-19-1973 | WHITE | 03-03-1998 | BANDERA | Rec'd Stay on 08-21-08 |
| 09-09-2008 | WRIGHT | GREGORY | 999253 | 11-01-1965 | WHITE | 02-05-1998 | DALLAS | **Order Modified 09-08-08** |
| 09-10-2008 | HOOD | CHARLES | 000982 | 08-20-1969 | WHITE | 09-11-1990 | COLLIN | REC'D STAY ON 09-09-08 |
| 09-17-2008 | MURRAY | WILLIAM | 999313 | 02-13-1969 | WHITE | 06-10-2000 | KAUFMAN | EXECUTED 09-17-08 |
| 09-18-2008 | RIES | JOSEPH | 999335 | 09-18-1979 | WHITE | 11-29-1999 | HOPKINS | Order Modified 08-28-08 |
| 10-14-2008 | KELLY | ALVIN | 999012 | 03-14-1951 | WHITE | 08-14-1991 | GREGG | |
| 10-16-2008 | WATTS | KEVIN | 999456 | 01-18-1991 | BLACK | 09-04-2003 | BEXAR | |
| 10-21-2008 | RIES | JOSEPH | 999335 | 09-18-1979 | WHITE | 11-29-1999 | HOPKINS | |
| 10-28-2008 | NENNO | ERIC | 999188 | 04-13-1961 | WHITE | 05-03-1996 | HARRIS | |
| 10-30-2008 | WRIGHT | GREGORY | 999253 | 11-01-1965 | WHITE | 02-05-1998 | DALLAS | |
| 11-06-2008 | TAYLOR | ELKIE | 999112 | 12-14-1961 | BLACK | 07-26-1994 | TARRANT | |
| 11-06-2008 | CANNADY | ROGELIO | 999245 | 05-29-1972 | HISPANIC | 12-05-1997 | BEE | ORDER WITHDRAWN 09-09-2008 |
| 11-12-2008 | WHITAKER | GEORGE | 999196 | 11-21-1971 | BLACK | 06-14-1996 | HARRIS | |
| 11-13-2008 | MANNS | DENARD | 999405 | 12-22-1965 | BLACK | 03-04-2002 | BELL | |
| 11-18-2008 | CATHEY | ERIC | 999228 | 07-29-1971 | BLACK | 07-29-1997 | HARRIS | |
| 11-19-2008 | CANNADY | ROGELIO | 999245 | 05-29-1972 | HISPANIC | 12-05-1997 | BEE | |
| 11-20-2008 | HUDSON | ROBERT | 999353 | 03-04-1963 | BLACK | 04-06-2000 | DALLAS | |



# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Livingston

Brad

Executive Director

September 22, 2008                    **Schedule Execution List for 2008/2009**

**Note:** The following list includes only those offender's
whose certified original death warrants have been received
by the Classification and Records Department.

| 01-14-2009 | MOORE | CURTIS | 999212 | 02-26-1968 | BLACK | 11-26-1996 | TARRANT | |
| 01-22-2009 | PERKINS | REGINALD | 999407 | 04-29-1955 | BLACK | 03-22-2002 | TARRANT | |
| 02-04-2009 | MARTINEZ | DAVID | 999173 | 05-09-1972 | HISPANIC | 12-08-1995 | BEXAR | |
| 03-10-2009 | MARTINEZ | JAMES | 999404 | 06-09-1974 | HISPANIC | 02-13-2002 | TARRANT | |

**From:** Georgette Oden
**To:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Date:** 9/29/2008 8:30 AM
**Subject:** RE: Jose Briseno

Oh, I'm sorry to hear that-- I have no real power over the date either. Thanks for letting me know. As it turns out, I will be coming back from my holidays pretty early (Jan 2) so I think we'll have plenty of time to handle anything that may come up.

Hope you're doing well,

Georgette

Assistant Attorney General
Postconviction Litigation
(512) 936-1773

>>> "Richard Burr" <▓▓▓▓▓▓▓▓▓▓▓▓> 9/26/2008 4:30 PM >>>
Hey, Georgette. I anticipate doing something -- not sure yet what my issue(s) might be. I would look to file in the CCA/trial court in early December. If I have anything to take into federal court, your guess is as good as mine as to when I will get there. If you have any sway with modifying the date -- say for a month -- I of course would be fine with that. I have no sway. I did not even get served with the order setting the date.

Dick

-----Original Message-----
From: Georgette Oden [mailto:Georgette.Oden@oag.state.tx.us]
Sent: Friday, September 26, 2008 11:55 AM
To:▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Subject: Jose Briseno

Hello...

I know this is way far in advance, but I am trying to arrange my holiday travel plans etc, and since Mr. Briseno is scheduled for 1/15/09, I was hoping I could gather a little advance idea of whether there will be lots of last minute litigation, etc.

Sorry to make you think that far ahead!

I appreciate it,

Georgette

Assistant Attorney General
Postconviction Litigation
(512) 936-1773